## COMMISSIONER OF INTERNAL REVENUE v. BENSEL et al.

### No. 6765.

Circuit Court of Appeals, Third Circuit.

Nov. 29, 1938.

James W. Morris, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Asst. Attys. Gen., for petitioner.

Theodore B. Benson, of Washington, D. C., and Charles L. Hedden, Herman D. Song, and Joseph Kahrs, all of Newark, N. J., for respondents.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is a tax case which depends on its own particular decisive facts. By reference to the opinion of the Tax Board, in which the proofs are stated at length, we avoid needless repetition. As no precedents or principles are involved, and as we find ourselves in accord with its decision, we might well limit ourselves to its opinion. In view of this, we confine our opinion to a few brief statements.

The case concerns the taxable value of stock in the Driver-Harris Company and the question involved is whether the full value of the stock should be included in the gross estate of the taxpayer as contended by the Commissioner, or only the amount paid therefor by his son as held by the Tax Board. This question turns on the construction and effect of an agreement entered into by the taxpayer and his son on May 19, 1924 and an amendment thereof dated June 7, 1924. The father was the owner of the capital stock of the company and the son was a high-priced executive thereof. Father and son were hostile to each other; both employed counsel to represent them, and the agreements were only reached after protracted contentions and negotiations.

The basic facts were that in spite of the father's hostile relation to his son, he was anxious to retain him in the company's employ on account of his recognized ability—which was evidenced by a forty thousand dollar salary. On the other hand, the son was only willing to continue with the company if he could make his employment permanent by an option to buy the father's stock at a fixed price. It will thus be seen that instead of the ordinary creation of a trust by an individual by a unilateral indenture, we have here settlement of a business problem by the contract of two parties hostile to each other and dealing at arm's length, the object of which was a purchase of the father's stock at a price which was lower than full value.

Under the proofs, the Board had warrant for holding that the price at which the son was to acquire the father's stock was

the proper figure. Such being the case, the appeal of the Commissioner is dismissed and the order of the Board affirmed.