## GIANNINI v. COMMISSIONER OF INTERNAL REVENUE.

No. 10829.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1945.

Rehearing Denied April 9, 1945.

286

George H. Koster and Bayley Kohlmeier, both of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, Eugene E. Beyer and John Costelloe, Sp. Assts. to the Atty. Gen., for respondent.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

The administrator of the estate of Virgil D. Giannini, deceased, petitioned the Tax Court for a redetermination of an assessed deficiency in estate taxes. The Tax Court found a deficiency in the sum of $25,515.86, and the administrator-taxpayer asks us to review the decision.

Prior to 1935 the Giannini family, composed of A. P. and Clorinda A., the mother and father, and their three children, L. M., Virgil D., and Clare Giannini Hoffman, owned all the stock in the Giannini Company, a corporation. During the year of 1935 the company was dissolved and its assets distributed to the stockholders. It was suggested by the father that the property distributed could be well handled by the formation of a family trust, and the father and mother thought such an arrangement would make financial provision for their children. Accordingly, the trust was formed about October 1, 1935, and the property in question, having a net value of $457,039.96, was transferred to it. Each of the three children contributed 9.25|% of the total value, or $43,284.62, while the remainder was contributed by their parents. The latter retained no interest in the trust.

.According to the trust provisions the net income from the property was to be distributed in equal shares to the children, or, if any were deceased, to his nominee or nominees. Each beneficiary could name by will his natural child or children to take his interest in the trust upon his death. If no nominee was named, his interest would augment the shares of the surviving beneficiaries.

The trust agreement was signed by each member of the family and by the trustee. The three children also subscribed to the following statement: "The undersigned, being beneficiaries named in the foregoing Trust Agreement, hereby accept the gifts therein declared."

The Tax Court found, and it is unquestioned herein, that as of the time the trust was created, the right of Virgil D. Giannini to receive for life one-third of the income from the trust property substantially exceeded in value the property transferred to the trust by him.

Virgil D. Giannini died April 28, 1938, unmarried and without issue. In accordance with the terms of § 811(j), 26 U.S.C. A. Internal Revenue Code, the administrator of decedent's estate, taxpayer herein, elected to value the gross estate of the decedent as of one year after death. No property of the family trust was reported in the estate tax return. The Commissioner of Internal Revenue questioned the return, found the value of the decedent's 9.25|% interest in the trust one year after his death to be $46,072.04, and determined a deficiency of that amount in the evaluation of his gross estate.

The statute defining property includible in the gross estate of a decedent, § 302(c)

of the Revenue Act of 1926 as amended,[1] lists any interest in property which the decedent has transferred while retaining for his life the right to the income therefrom or the right to designate the persons who shall take the property or the income. The statute specifically excepts from includible items transfers which constitute "a bona fide sale for an adequate and full consideration in money or money's worth."

Decedent's interest in the trust property, as it seems to us, was correctly held by the Tax Court to be a part of the gross estate within the terms of § 302(c). We do not agree with the taxpayer that the transfer of the property to the trust was a "bona fide sale for an adequate and full consideration in money or money's worth" and therefore specifically excepted by statute from inclusion in the gross estate.

The facts show no consideration in money or money's worth for the parents' transfer of the largest portion of property to the trust, and the existence of legal consideration according to local law is immaterial under the tax laws involved herein. Taft v. Commissioner of Internal Revenue, 1938, 304 U.S. 351, 355-357, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346; Commissioner of Internal Revenue v. Bristol, 1 Cir., 1941, 121 F.2d 129, 133; Commissioner of Internal Revenue v. Greene, 9 Cir., 1941, 119 F.2d 383, 385-386. Therefore, the parents' transfer was a gift within the meaning of § 503 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, §1002.

Neither do the facts show any consideration in money or money's worth for the decedent's transfer of property to the trust. True, the decedent received an income interest in the family trust worth more in money than the property he transferred to the trust. The disproportionate value of the interest received resulted, however, not from bargaining but from the largess of the parents in donating a substantial sum for their children's financial security. It is of some significance that the children appended to the trust agreement a statement accepting the "gifts" from their parents to the trust. It follows that there was no consideration bringing decedent's transfer within the exception to § 302(c). Robinette v. Helvering, 1943, 318 U.S. 184, 187, 63 S.Ct. 540, 87 L.Ed. 700; Latty v. Commissioner of Internal Revenue, 6 Cir., 1933, 62 F.2d 952, 954; Philips v. Gnichtel, 3 Cir., 1928, 27 F.2d 662, 664-665; Safe Deposit & Trust Co. v. Tait, 4 Cir., 1923, 295 F. 429. Ferguson v. Dickson, 3 Cir., 1924, 300 F. 961, upon which taxpayer relies, was based upon the wording of a subsequently amended statute and is irrelevant herein.

The Tax Court also held correctly that the transfer of decedent's property to the trust did not fall within the terms of § 302(i) of the Revenue Act of 1926.[2] Since the transfer by the parents was a gift, it was no more a "consideration in money's worth" under subsection (i) than under subsection (c) of § 302.

There is no merit to taxpayer's alternative theory that each child receives returns

---

[1] § 302, Revenue Act of 1926, as amended by § 803(a), Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, pages 227, 228: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *"

[2] Id. § 302(i): "If any one of the transfers, trusts, interests, rights, or powers, enumerated and described in subdivisions (c), (d), and (f) of this section is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent."

288

upon but one-third of his contribution to the trust. The three children subscribed equal sums to the trust whose terms provided for the equal division of trust returns to each one. As to the subscriptions of the three children, manifestly each child contemplated a return from the trust upon the basis of his whole contribution. The conclusion contended for by taxpayer that each child contemplated a return upon but one-third of his contribution obviously is wrong. Such a conclusion can only be arrived at by assuming that since all of the subscriptions to the trust are combined in an indivisible whole and since each child is entitled to but one-third of the returns from the whole, each child, in fact, receives returns from but one-third of the portion he put into it. Such abstract reasoning in the circumstances of this case leads away from, rather than toward, the realities. The fact that the parents donate to the trust adds nothing to the problem.

The decision of the Tax Court is correct and is affirmed.