**MOLLENBERG'S ESTATE** et al. v. **COMMISSIONER OF INTERNAL REVENUE.**

No. 167, Docket 21142.

United States Court of Appeals
Second Circuit.

March 30, 1949.

[1] Article First provided as follows: "(a) The principal of said trust the Trustee shall hold, manage, sell, invest and reinvest the same and every part thereof in the manner hereinafter set forth and shall collect, recover and receive the rents, issues, interest and income thereof, hereinafter called 'income' and after deducting the commissions of the Trustee as hereinafter provided and other proper and necessary expenses in connection with the administration of the trust shall pay over said income and distribute the principal in the following manner: (b) Until the expiration of the trust, one-half of the income therefrom shall be paid over to Harold J. Mollenberg, son of the Grantor, monthly or quarterly or in such other periodical payments as the Trustee may deem advisable and upon the death of Harold J. Mollenberg prior to the expiration of the trust, the said income shall be paid over to his issue in equal shares, per stirpes and not per capita or applied to their use and benefit, respectively, in the discretion of the Trustee or in default of issue said income shall be paid over to Richard H. Mollenberg until the expiration of the trust. The other one-half of said income shall be paid over to Richard H. Mollenberg, son of the Grantor, monthly or quarterly or in such other periodical payments as the Trustee may deem advisable and upon the death of Richard H. Mollenberg prior to the expiration of the trust, the said income shall be paid over to his issue in equal shares, per stirpes and not per capita or applied to their use and benefit, respectively, in the discretion of the Trustee or in default of issue said income shall be paid over to Harold J. Mollenberg until the expiration of the trust. (c) The trust created by this instrument shall continue until the death of both Harold J. Mollenberg and Richard H. Mollenberg, sons of the Grantor, subject, however, to the provisions relative to the invasion of principal under and pursuant to Article Second herein and upon the death of both the said Harold J. Mollenberg and Richard H. Mollenberg the Trustee shall make final distribution of the trust estate, if any, then remaining in the hands of the Trustee as follows: One-half thereof shall be paid over and distributed to the issue then living of Harold J. Mollenberg, share and share alike, per stirpes and not per capita, or in default of issue then to the issue of Richard H. Mollenberg, share and share alike, per stirpes and not per capita or in the event no issue of Richard H. Mollenberg be then living then to the distributees of the Grantor then living under and pursuant to the laws of the State of New York. The other one-half of said trust estate, if any, shall be paid over and distributed to the issue then living of Richard H. Mollenberg, share and share alike, per stirpes and not per capita, or in default of issue then to the issue of Harold J. Mollenberg, share and share alike, per stirpes and not per capita or in the event no issue of Harold J. Mollenberg be then living then to the distributees of the Grantor then living under and pursuant to the laws of the State of New York.

700

Robert Ash and Carl K. Goodson, both of Washington, D. C., and John J. Flynn, of Buffalo, N. Y., for petitioners.

Charles Oliphant, Chief Counsel, of Washington, D. C., and Theron L. Caudle, Asst. Atty. Gen. (L. W. Post, of Washington, D. C., and Ellis N. Slack, Sp. Asst. to Atty. Gen., of counsel), for respondent.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Commissioner asserted that the full value of the trust property was includible in decedent's gross estate, because the transfer of the stock in trust was a revocable transfer as defined in § 811(d) (2) of the Internal Revenue Code. Petitioners contend that the transfer should not be included in the gross estate, because the transfer was a bona fide sale for an adequate consideration. In the alternative they argue that the enjoyment of the trust property was not subject to any power on the part of the decedent to "alter, amend, or revoke".

The Tax Court having found that there was no bona fide consideration for the

transfer, that finding is binding upon us unless clearly erroneous. Assuming that a power to alter, amend, or revoke is reserved, § 811(d) (2) requires inclusion of the trust in the estate, unless there was a "bona fide sale for an adequate and full consideration in money or money's worth." The word "sale" means an exchange resulting from a bargain, one in which the beneficiary gives or the grantor receives something of money value or a binding promise. There was no evidence here of any such bargain. Although the two sons continued to work in the business at salaries which they probably felt were too low, and the decedent continued to draw a salary although working little, we can find no bargain—that the arrangement would be continued for decedent's life—for which the trust was consideration. The reporting of the trust as a gift is an additional circumstance indicating that there was no sale. Commissioner of Internal Revenue v. Bensel, 3 Cir., 100 F.2d 639, where there was a written agreement reached by "two parties hostile to each other and dealing at arm's length," is quite different.

The second point, whether the grantor reserved a power to "alter, amend, or revoke" the interests transferred in trust, requires construction of the trust instrument. The Tax Court held that Article Second conferred on him such a power. By Article Second, decedent could "withdraw from the principal * * * such sum or sums as he * * * may deem advisable and to pay over the same to the aforesaid beneficiaries or any of them." Taken literally, this provision authorizes him to withdraw all or any part of the trust at any time and, in his absolute discretion, pay over all of the amount withdrawn to either of his sons or to any of their issue. Petitioners try to meet this point by arguing that in fact two separate trusts were created, and that Article Second does not give the trustee power to withdraw part of one son's trust and pay the amount withdrawn to the other son, a beneficiary of an entirely different trust. To support their claim that there are two trusts, they point to provisions of Article Fourth which refer to "the several trusts herein created," or "the trusts hereby created." In this respect, the instrument is ambiguous; but we think the Tax Court correctly decided that there was but one trust. The instrument throughout contains numerous references to "the trust," or "this trust," or "said trust." Some of these locutions persuasively refer to a single trust. Article First, for instance, states: "Until the expiration of the trust, one-half of the income therefrom shall be paid over to Harold J. Mollenberg * * * The other one-half shall be paid over to Richard H. Mollenberg."

Since the decedent, acting as trustee, had power to withdraw the share of one beneficiary from the trust and pay it to another, the trust was subject to a power to "alter, amend, or revoke" and was properly includible in his gross estate. Commissioner of Internal Revenue v. Chase National Bank, 2 Cir., 82 F.2d 157.

Affirmed.