## PRUYN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7, Docket 21453.

United States Court of Appeals Second Circuit.

Argued Oct. 10, 1950.

Decided Nov. 3, 1950.

Haggerty, Myles & Wormser and Silverson & Allison, all of New York City, Harry Silverson, New York City, of counsel, for petitioner, Mona Shelley, executrix of estate of Mary L. Pruyn, deceased.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and L. W. Post, Sp. Assts. to Atty. Gen., for respondent, Commissioner of Internal Revenue.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

Prior to 1931, the decedent and her younger sister, Nelly K. Pruyn, purchased survivor annuity contracts from commercial insurance companies, each paying one-half of the consideration. The decedent died in 1943, leaving her sister surviving. The question presented on this appeal is whether the interest that passed to the surviving sister upon the death of Mary L. Pruyn was includible in the decedent's gross estate for the purposes of the Federal Estate Tax under Section 811(c) or Section 811(e) of the Internal Revenue Code 26 U.S.C.A. The Tax Court, in a decision rendered prior to the passage of the Technical Changes Act, held that the interest that passed to the surviving sister was includible in the decedent's gross estate under Section 811 (c).

In Commissioner v. Estate of Church, 335 U.S. 632, 69 S.Ct. 322, 93 L.Ed. 288, the Supreme Court overruled the decision in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826 and held that retention by the grantor of a trust of the income for life was alone sufficient to render the transfer taxable under Section 811(c) as one intended to take effect in possession or enjoyment at or after death. Because of this decision, the Tax Court included in the Estate of Mary L. Pruyn the interest acquired by Nelly on decedent's death. But the impact of the decision of the Supreme Court in Commissioner v. Estate of Church, supra,

with respect to persons dying after February 10, 1939, was changed through the subsequent amendment of Section 811(c) by Section 7 of the Technical Changes Act of 1949, c. 720, 63 Stat. 891. The pertinent provisions of the Technical Changes Act, Section 811(c) (2), are set forth in the margin.[1] We see no basis for the contention that the decedent retained such a reversionary interest as the Technical Changes Act requires in order to render the transfer taxable.

The decedent contracted for a life estate on her own behalf and for a remainder interest on her death for the benefit of her sister, if the latter should survive her. The Tax Court found that the annuity contracts provided that there should be no participation in any distribution of surplus, and contained no requirement for payment to, any person of the unrecouped purchase price of the contracts. The sole obligation of the issuing companies was to pay the annuities created by the contracts until the death of the last survivor of the two named annuitants, who in the present case was Nelly K. Pruyn.

The Commissioner argued that the contracts resembled trusts under which capital might be invaded for the benefit of the grantor. We can discover no such analogy. Nothing the decedent did or could do under the contracts affected the interest of her surviving sister or could increase her own. Her interest was wholly measured by contract and depended merely on the length of her own life.

The Commissioner further relies on Section 811(e) of the Internal Revenue Code, which provides for inclusion of property

held by a decedent as joint tenant with another. In the case at bar there was no such joint tenancy. There certainly was no right of either sister to cause a partition of her interest in the contracts and no ownership by either sister of the contracts as a whole subject to the rights of the other.

Because of the provisions of Section 7 of the Technical Changes Act the decision of the Tax Court adjudging the deficiency in the estate tax of Mary L. Pruyn is reversed and the proceeding is remanded with directions to expunge the deficiency, and for such further proceedings not inconsistent with this opinion as may be necessary.

---

1. "Transfers Taking Effect at Death—Transfers Prior to October 8, 1949. An interest in property of which the decedent made a transfer, on or before October 7, 1949, intended to take effect in possession or enjoyment at or after his death shall not be included in his gross estate under paragraph (1) (C) of this subsection unless the decedent has retained a reversionary interest in the property, arising by the express terms of the instrument of transfer and not by operation of law, and the value of such reversionary interest immediately

before the death of the decedent exceeds 5 per centum of the value of such property. For the purposes of this paragraph, the term 'reversionary interest' includes a possibility that property transferred by the decedent (A) may return to him or his estate, or (B) may be subject to a power of disposition by him, but such term does not include a possibility that the income alone from such property may return to him or become subject to a power of disposition by him."