ESTATE OF JOHN M. GOETCHIUS, DECEASED, JAMES P. MIMNAUGH, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22512. Promulgated September 28, 1951.

*Richard W. Wilson, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

500

**OPINION.**

HARRON, *Judge:* The decedent procured property—the 24 annuity contracts—through expenditures of his own funds, and he made transfers of interests in that property to Mrs. Eleanor Ray with the purpose, effected at his death, of having them pass to her. *Chase National Bank* v. *United States*, 278 U. S. 327, 337. He was the first annuitant under the annuity contracts, and in that way he reserved to himself the economic benefit of the contracts during his lifetime. By transferring to Mrs. Ray survivorship interests in the annuity contracts, the decedent postponed "the fruition of the economic benefits" thereof to the second annuitant until his death. The transfers to Mrs. Ray of the interests in the property acquired by the decedent with his own funds were testamentary dispositions which are subject to the Federal estate tax under the provisions of section 811 (c) (1) (B) and (C) unless they come within the exception set forth in section 811 (c) (1). *Helvering* v. *Hallock*, 309 U. S. 106; *Goldstone* v. *United States*, 325 U. S. 687; *Commissioner* v. *Clise*, 122 F. 2d 998, certiorari denied 315 U. S. 821; *Mearkle's Estate* v. *Commissioner*, 129 F. 2d 386; *Commissioner* v. *Wilder's Estate*, 116 F. 2d 281, certiorari denied 314 U. S. 634. The decedent made the transfer to Mrs. Ray of the survivorship interests in the annuity contracts after March 4, 1931, so that the provisions of section 7 of the Technical Changes Act of

1949, Public Law 378, 81st Congress, 1st Sess., amending section 811 (c), do not apply to this proceeding. Cf. *Estate of Mary L. Pruyn* v. *Commissioner*, 184 F. 2d 971.

The only question to be decided is whether the decedent made the transfer of survivorship interests in the annuity policies to Mrs. Ray under "a bona fide sale for an adequate and full consideration in money or money's worth" within the exception provided in section 811 (c) (1),[1] so that the transfers of the interests are not reached by any of the provisions of section 811 (c). It is admitted that the value of Mrs. Ray's life interest in the annuity contracts is $200,672.

The petitioner argues that the decedent received his "money's worth" for the annuity he provided Mrs. Ray by making her the survivor annuitant under the 24 annuity policies from her relinquishment in 1938, to his brother, of her contingent interest in the income of the "life insurance" trust which he contends should be held to have been a purchase and sale for an adequate and full consideration in money's worth within the exception in section 811 (c) (1), and that, therefore, there was no donative "transfer" by the decedent to Mrs. Ray of interests in the annuity contracts which is taxable under section 811.

The question is: What consideration in money's worth did the decedent receive in his transaction in 1938 with Mrs. Ray?

The meaning of the phrase which is found in section 811 (c) (1), and in other sections of the Code, "an adequate and full consideration in money or money's worth" has been considered frequently. It is to receive "identical construction" for purposes of both the estate and gift tax, *Merrill* v. *Fahs*, 324 U. S. 308. The words "adequate and full consideration" were, in the 1926 Revenue Act, substituted for the words "fair consideration" in the earlier Revenue Acts "in order to narrow the scope of tax exemptions" "after courts had given 'fair consideration' an expansive construction." *Merrill* v. *Fahs, supra.* Whatever doubt existed as to whether or not the term "consideration" should be construed to have been intended by the Congress to mean that which in civil and common law provides contractual considera-

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT, DEATH.—

(1) GENERAL RULE.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

(A) in contemplation of his death; or

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or \* \* \*

(C) intended to take effect in possession or enjoyment at or after his death.

tion has been put at rest by the Supreme Court in *Commissioner* v. *Wemyss*, 324 U. S. 303, which rejected the view that the term, as used in the estate and gift tax provisions is the same as common law consideration. This Court and other courts, and the Treasury in its estate and gift tax regulations, had taken the view that the phrase "a bona fide sale for an adequate and full consideration in money or money's worth" means that there must be the kind of consideration which in an arm's length business transaction provides the transferor of property with the full value thereof, in exchange; and that if the consideration is not paid in money, property, or services, but is represented by some benefit, then the benefit must be of the *equivalent money value* in order to constitute the required "adequate and full consideration." See: *Commissioner* v. *Bristol*, 121 F. 2d 129, 133; [2] *Latty* v. *Commissioner*, 62 F. 2d 952, 954; *Phillips* v. *Gnichtel*, 27 F. 2d 662, 665; *Safe Deposit & Trust Co.* v. *Tait*, 295 U. S. 429, 431; *Estate of Josephine S. Barnard*, 9 T. C. 61, 67; [3] Regulations 79, (1936 ed.) Arts. 1 and 8; Regulations 105, section 81.15, p. 45.[4] The Supreme Court approved that view in *Commissioner* v. *Wemyss*, *supra*. Accordingly, the exemption from tax is limited to those transfers of property where the transferor or donor has received benefit in full consideration in a genuine arm's length transaction; and the exemption is not to be allowed in a case where there is only contractual consideration but not "adequate and full consideration in money or money's worth." *Phillips* v. *Gnichtel*, *supra; Commissioner* v. *Bristol*, *supra*.

The petitioner's claim that the decedent received adequate and full consideration for the transfer to Mrs. Ray of interests in the 24 Canadian annuity contracts does not meet the requirements for exemption for estate tax.

---

[2] "Consideration" * * * is not the same as common law consideration; it means that when the transferor gives something away and does not at the same time replace it with money of equal value or some goods or services capable of being evaluated in money, he is deemed to have made a gift within the taxing law. A similar phrase in the Massachusetts succession tax law was so construed to require "that the consideration must be for the full value of the property whether paid in money, or the acceptance by the transferor of property or services; or some benefit of the equivalent pecuniary measurement." *State Street Trust Co.* v. *Stevens*, 1911, 209 Mass. 373, 379, 95 N. E. 851, 853. * * * To our mind, the purpose of this section in the gift tax statute and similar wording in sections of the Federal estate tax law was to prevent the depletion of the transferor's or decedent's estate, unless a tax was paid on the transfer, by requiring that the transferor or decedent receive in exchange something of the same money value.

[3] p. 67. In most business transactions made at arm's length, each party is seeking to profit, and the profits so realized are not gifts.

[4] Regulations 105, section 81.15, p. 45:
"To constitute a bona fide sale for an adequate and full consideration in money or money's worth the transfer must have been made in good faith, and the price must have been an adequate and full equivalent reducible to a money value."
Regulations 79, Art. 8, p. 15:
A bona fide transaction is one which is "at arm's length, and free from any donative intent."

The decedent had transferred a contract issued on his life by Equitable Life for $140,000 to a trust under which his brother, Morgan, was the remainderman. The trust was one which could be revoked in whole or in part by its creator with the written consent of the persons beneficially interested because its corpus consisted of personal property only, and only those who had a vested or contingent interest in the trust at the time of the revocation or partial revocation needed to consent. Section 23, Personal Property Law; 40 McKinney's Consolidated Laws of New York, p. 244; *Corbett* v. *Bank of New York, etc., Co.*, 242 N. Y. S. 638. Mrs. Ray's relinquishment of her contingent interest in the trust income, which could not become effective until the death of John M. Goetchius, the grantor, did not benefit John M. Goetchius in any way which could be measured in terms of money's worth in a bona fide arm's length transaction with Mrs. Ray. She relinquished her contingent right to the future income of the trust to Morgan Goetchius, but the benefit which Morgan received was not one which augmented the property of John M. Goetchius. For example, Morgan did not have any claim against John which was discharged, and John did not have any duty toward or obligation to Morgan which was satisfied. Cf.: *Commissioner* v. *Bensel*, 100 F. 2d 639; *Commissioner* v. *Mesta*, 123 F. 2d 986; *Clarence B. Mitchell*, 6 T. C. 159; *Estate of Josephine S. Barnard, supra*, issue 1; *Estate of Sarah A. Bergan*, 1 T. C. 543. We cannot conclude that the decedent received a benefit which was reducible to a value equal to the value of the interests in the 24 Canadian survivorship annuity contracts which he transferred to Mrs. Ray upon her relinquishment to Morgan Goetchius of an interest in the future income of the trust. Obviously that which Mrs. Ray surrendered could not provide the consideration which John M. Goetchius gave to the Canadian companies for the 24 survivorship annuity contracts. As a matter of fact, they were acquired by the decedent by his use of over $200,000 of his reserved cash or property which he had kept wholly apart from the trust, and to which Mrs. Ray's relinquishment of a contingent interest in the trust had no relation whatsoever at any time.

Mrs. Ray's surrender of her contingent interest in the trust caused her no real or bona fide detriment because it was coincidental to the transfer to her of the contingent, survivorship interest in the 24 Canadian annuity contracts. Her consent to decedent's desire to change the income beneficiary of the trust was no more than an accommodation to her benefactor, the decedent. The decedent substituted entirely free and reserved property of which he had not yet made any disposition as the property to provide annuities after his death to Mrs. Ray for the Equitable Life policy on his life held in the trust which otherwise would have provided Mrs. Ray's annuities.

The decedent could as well have let the trust stand unmodified and given his brother Morgan a survivor interest in the Canadian annuity contracts.

Under such circumstances the contractual consideration given by Mrs. Ray to the decedent was not the "adequate and full consideration in money or money's worth" under a "bona fide sale" which is required by section 811 (c) (1) in order for a transfer of property or an interest therein to be exempt from tax. *Merrill* v. *Wemyss, supra; Merrill* v. *Fahs, supra; Commissioner* v. *Bristol, supra; Phillips* v. *Gnichtel, supra; Estate of Josephine S. Barnard,* issue 2, *supra; Giannini* v. *Commissioner,* 148 F. 2d 285; *Mollenberg's Estate* v. *Commissioner,* 173 F. 2d 698.

The purpose of section 811 (c) is to reach all testamentary transfers of property. In order for a transfer of property to be exempt from tax under section 811 (c) (1) there must not be a donative or testamentary transfer of property. The condition, receipt of "adequate and full consideration" can intervene to avoid the tax only if the facts show that the transfer of property in question does not represent a depletion of the transferor's estate. In this proceeding, there are several factors which demonstrate that the entire arrangement "savored more of a testamentary disposition than of a bargain and sale" such as the statute contemplates. *Phillips* v. *Gnichtel, supra.* The decedent had demonstrated on three occasions that he desired to provide Mrs. Ray with a life annuity after his death of $1,000 per month. He had directed in his will of December 2, 1932, that she should receive an annuity of $1,000 per month for as long as she lived. In a later will executed on May 8, 1935, the decedent had bequeathed the residue of his estate in trust, naming Mrs. Ray as the life beneficiary of the testamentary trust under which she was to receive, after his death, $1,000 per month for life. And then in November of 1935 the decedent created an inter vivos trust in which he made Mrs. Ray the beneficiary of the income of that trust after his death. We observe, upon reviewing all of the evidence in this proceeding, that the decedent intended not that Mrs. Ray should receive two annuities of $1,000 per month, but that she should receive one annuity of $1,000 per month. That intent was ultimately achieved by making her the survivor annuitant in the 24 joint and survivor annuity contracts. Furthermore, the real effect of the arrangement of December 21, 1938, was not so much to provide for Mrs. Ray, for whom provision already had been made by the existing provisions of the 1935 trust, as to increase the bequest to Morgan Goetchius under the trust to include the trust income during the term of the trust.

The exemption from tax which is provided by section 811 (c) (1) is to be applied carefully, since it is an exemption. The wording

thereof was intended to prevent the distribution of a transferor's estate without the payment of the tax on testamentary dispositions of property. *Merrill* v. *Fahs, supra; Commissioner* v. *Bristol, supra.* It must be observed that the situation in this case presents a clear pattern for avoiding the reach of section 811 (c) through the application of the exemption clause in subsection (1). The petitioner admits that the Equitable Life policy for $140,000 on the life of the decedent was not "insurance" within the meaning of section 811 (g) because it was issued in conjunction with the Equitable Life annuity contracts (not involved here), and that the value of the policy is includible in the gross estate of the decedent under secton 811 (c). *Helvering* v. *Tyler*, 111 F. 2d 422; *Helvering* v. *Le Gierse*, 312 U. S. 531. The transfer by the decedent to Mrs. Ray of an interest in the proceeds of the Equitable policy came within the reach of the estate tax. The transfer to her in 1938 of substantially the same interest, from the viewpoint of the annuity she would receive, in the Canadian annuity contracts under the guise of "a bona fide sale for an adequate and full consideration in money or money's worth", if approved, would free from the estate tax, a transfer of an interest in property which otherwise would be taxed. From another standpoint, approval of the petitioner's theory would free from tax about $200,000 of the decedent's estate, the inter vivos transfer of which in 1938 reduced the decedent's estate beyond the previous reduction thereof which was brought about by the transfer of the Equitable policy for $140,000 to the trust in 1935, regardless of whether Mrs. Ray or Morgan Goetchius was the beneficiary of the additional $200,000 of property of the decedent.

The "consideration" which was received by the decedent under the arrangements of December 21, 1938, was merely contractual and did not satisfy the condition prescribed in section 811 (c) (1) for the exemption. It is held that the respondent properly included the value at the date of death of the survivorship interests in the 24 Canadian survivorship annuity contracts in the gross estate of the decedent under section 811 (c).

Reviewed by the Court.

*Decision will be entered for the respondent.*