ESTATE OF CHARLES L. WOODY, DECEASED, CHARLES L. WOODY, JR., RHOMA WOODY GILBERT AND IRVING TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78817. Filed August 29, 1961.

*James F. Watson, Esq.*, for the petitioners.
*Norman L. Rapkin, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* To be deductible for estate tax purposes under section 2053 of the 1954 Code,[2] a claim against an estate must be "contracted

---

[2] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

bona fide and for an adequate and full consideration in money or money's worth." [3] The only matter in controversy in the instant case is whether the $14,000 claim which Rhoma held against the decedent's estate was in fact contracted for such statutory consideration. We think that it was.

Since this case involves what was essentially an intrafamily transaction, the alleged obligation which resulted therefrom bears special scrutiny. It has been said that the statutory consideration requirement herein in issue was specifically drafted "to prevent deductions, under the guise of claims, of what were in reality gifts or testamentary distributions. * * * The things which the statute was intended to disallow were colorable family contracts and similar undertakings made as a cloak to cover gifts." *Carney* v. *Benz*, 90 F. 2d 747, 749 (C.A. 1). We have viewed the facts herein with this statutory purpose in mind.

The obligation of the decedent to pay the debt in question arose in 1951 when he promised Rhoma he would pay her $14,000 in consideration for her discharging his son Charles from a bona fide indebtedness in a like amount. Rhoma agreed, released her brother from the debt, and the decedent executed a codicil to his will in which he acknowledged the indebtedness to Rhoma and provided that it be paid only after his death. For Rhoma, the transaction amounted to little more than a novation, an exchange of debtors; she was to gain nothing. For Charles, the transaction amounted to the receipt of an inter vivos gift from the decedent which, along with the simultaneous gift of $54,000 paid in his behalf by decedent and his wife to the Irving Trust Company, freed his seat on the New York Stock Exchange from all existing encumbrances in the amount of $68,000. For the decedent,

(3) for claims against the estate, * * *

\*   \*   \*   \*   \*   \*   \*

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

\*   \*   \*   \*   \*   \*   \*

(c) LIMITATIONS.—
 (1) LIMITATIONS APPLICABLE TO SUBSECTIONS (a) AND (b).—
  (A) CONSIDERATION FOR CLAIMS.—The deduction allowed by this section in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth; * * *

[3] This precise language has been a part of the revenue laws since it was first introduced in section 303(a)(1) of the Revenue Act of 1926, 44 Stat. 72. The earlier Revenue Acts of 1916, 1918, and 1921 made deductibility of claims depend only on their being allowed under State law irrespective of the nature of the consideration. The Revenue Act of 1924 added the requirement that claims be "incurred or contracted bona fide and for a fair consideration in money or money's worth." The successive changes thus consistently narrowed the class of deductible claims which would be allowed for estate tax purposes. Cf. *Taft* v. *Commissioner*, 304 U.S. 351, 355–356.

the transaction meant that he was able to consummate the gift *in praesenti* to his son, using a $14,000 asset of his daughter Rhoma for that purpose and undertaking to repay her that amount at his death.

It seems clear to us on these facts that Rhoma's claim against the estate was based on "adequate and full consideration in money or money's worth." In no sense was decedent's obligation to Rhoma a device for making a testamentary gift to her. She received not a cent more than she was entitled to prior to the transaction, and Charles' preexisting debt to her was based upon a bona fide $14,000 loan which she had made to Charles out of her own funds.

In substance the decedent contracted a debt in order to make an inter vivos gift to his son. Had he borrowed the $14,000 from a bank or from Rhoma herself for that purpose, there could hardly be any serious question that the debt would have been supported by the requisite statutory consideration. The situation is not changed merely because the transaction was carried out by means of having Rhoma cancel Charles' obligation to her and accepting the decedent as obligor in his place.

The Commissioner presses upon us the argument that the statutory requirement was intended to prevent one from diminishing his taxable estate by creating obligations which are not correspondingly offset by the consideration received in exchange for such obligations. Cf. *Estate of John M. Goetchius*, 17 T.C. 495, 502, 505; Paul, Federal Estate and Gift Taxation, sec. 11.20. But the fundamental error in the Commissioner's position here is the assumption that the decedent or his estate did not benefit by Rhoma's release of her $14,000 claim against her brother. The evidence shows that the decedent intended to and did make an inter vivos gift to his son. Had he made that gift out of his own funds, his estate would have been depleted by $14,000. He achieved the same result by inducing Rhoma to cancel Charles' $14,000 debt to her in exchange for his undertaking to pay a like amount to her. By thus obtaining Rhoma's release of Charles' debt, the decedent's estate was $14,000 richer than it would have been had he made the gift directly out of his own funds. In every real sense, therefore, the decedent's obligation was supported by "adequate and full consideration in money or money's worth," and the principle relied upon by the Commissioner is inapplicable to the facts of this case.

We conclude that the claim here in question, though payable only after the decedent's death, meets the statutory test.

*Decision will be entered under Rule 50.*