ESTATE OF ELLA J. DAVIS, DECEASED, MILES S. DAVIS, AS SOLE DEVISEE AND LEGATEE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2945–70.    Filed March 20, 1972.

*Ralph J. Jeka,* for the petitioner.
*Matthew W. Stanley, Jr.,* for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $3,-816.80 in the Federal estate tax of the Estate of Ella J. Davis. The issue for decision is whether the estate is entitled, under section 2053

of the Internal Revenue Code of 1954,[1] to a deduction for a claim against the estate represented by a note and mortgage executed by the decedent under seal.

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

Ella J. Davis (the decedent), a widow, died testate, a resident of Wisconsin, on July 20, 1967. A Federal estate tax return for the Estate of Ella J. Davis was filed with the district director of internal revenue, Milwaukee, Wis.

The petitioner, Miles S. Davis, was the only son of the decedent and was appointed executor of his mother's estate on August 8, 1967, and discharged when the estate was closed on October 29, 1968. He was the sole devisee and legatee of her estate. He maintained his residence in Milwaukee, Wis., at the time of filing his petition in this case.

On December 24, 1962, when she was 82 years of age, the decedent executed a promissory note in which she promised to pay the petitioner "the sum of Thirty Thousand Dollars ($30,000.00), with interest computed at the rate of 3% per annum, on or before ten years from date." The note was executed under seal and was secured by a mortgage, also executed under seal, of certain property owned by her. The petitioner, who was not present when his mother signed the promissory note, received the note and mortgage from her sometime after Christmas. On December 31, 1962, the mortgage was duly recorded at a local registrar's office. The petitioner did not pay any money to his mother with respect to the note and mortgage, but considered them a gift.

Early in 1963, the petitioner prepared and filed Federal and State gift tax returns with respect to the note and mortgage. The decedent claimed her lifetime gift exclusion of $30,000 and paid no Federal gift tax with respect thereto; however, a gift tax in the amount of $790.40 was paid to the State of Wisconsin.

From the time the note and mortgage were delivered to the petitioner through the date of the decedent's death, no payments of either principal or interest were made with respect thereto. In the Federal estate tax return, the estate claimed a deduction of $30,000 for mortgage and liens with respect to the note and mortgage in issue. In his statutory notice, the respondent disallowed such deduction on the ground that the promissory note did not represent a liability contracted bona fide for an adequate and full consideration in money or money's worth.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

The petitioner argues that the note and mortgage, since they were executed under seal, constituted a completed gift and that under Wisconsin law, the execution of such an instrument under seal establishes conclusively that consideration was given therefor. We must decide whether such circumstances establish that adequate and full consideration in money or money's worth, within the meaning of section 2053(c)(1)(A), was given for the claim.

Under section 2053, a deduction from gross estate is allowed for certain unpaid claims which exist at the time of the death of a decedent. Sec. 2053(a)(3); sec. 20.2053–4, Estate Tax Regs.; *Security Trust Co., Executor, et al.*, 4 B.T.A. 983 (1926). Deductions may be allowed for promissory notes made by the decedent and for unpaid mortgages on his property. Sec. 2053(a)(4); sec. 20.2053–7, Estate Tax Regs.; *Estate of Theresa Seagrist*, 42 B.T.A. 1159 (1940); *Security Trust Co., Executor, et al., supra.* However, section 2053(c) (1)(A) limits the deductions otherwise allowable under section 2053(a) to those claims contracted bona fide for an adequate and full consideration. *Taft v. Commissioner*, 304 U.S. 351 (1938); *Estate of Herbert C. Tiffany*, 47 T.C. 491 (1967); *Estate of Emma Earle*, 5 T.C. 991 (1945), affirmed per curiam 157 F. 2d 501 (C.A. 6, 1946), certiorari denied 330 U.S. 822 (1946). Such limitation is applicable to a claim based upon a promissory note (*Estate of Herbert C. Tiffany, supra*) or on a mortgage (*Henry Adams Ashforth et al., Executors*, 30 B.T.A. 1306 (1934)).

It is well settled that "consideration" within the meaning of section 2053 is a statutory concept and is used in its quantitative sense to mean "equivalent money value." *Taft v. Commissioner, supra; Estate of John M. Goetchius*, 17 T.C. 495, 503 (1951); 1 Mertens, Law of Federal Gift and Estate Taxation, sec. 5.03 (1959 ed.). See also *Merrill v. Fahs*, 324 U.S. 308 (1945); *Commissioner v. Wemyss*, 324 U.S. 303 (1945); *Estate of Sanford v. Commissioner*, 308 U.S. 39 (1939). Although consideration may be adequate to establish the validity of a contract under State law, it is not necessarily "full and adequate" within the meaning of section 2053. *Taft v. Commissioner, supra; Estate of Herbert C. Tiffany, supra.* In *Tiffany*, we said at page 500:

It is now well settled that a claim against an estate for Federal estate tax purposes is not deductible merely because it is enforceable under the State laws governing the validity of contracts. *Estate of Hugo Goldsmith*, 36 B.T.A. 1201, 1205; *Carney v. Benz*, 90 F. 2d 747; *United States v. Mitchell*, 74 F. 2d 571. In the *Goldsmith* case * * * [w]e noted that the courts in the *Mitchell* and *Carney* cases were definitely of the opinion that Congress had in mind the exclusion

of family contracts and similar understandings made as a cloak to cover gifts. And with respect to the phrase "adequate and full consideration in money or money's worth," we pointed out in *Estate of F. A. Gray*, 44 B.T.A. 545, that the phrase is not ambiguous, referring to the construction of that phrase in *Latty v. Commissioner*, 62 F. 2d 952, where the court construed the term as evidencing an intent on the part of Congress to permit the deduction of claims only to the extent that they were contracted for a consideration which at the time either augmented the estate of the decedent, granted him some right or privilege he did not possess before, or operated to discharge a then existing claim, such as breach of contract or personal injury. * * * Therefore, in the instant case, it was incumbent upon petitioners to show not only that there was a claim against the estate recognized by the laws of Arizona, but that such claim was supported by adequate and full consideration in money or money's worth as that term is used in the statute. *Estate of Rosalean B. Ottmann*, 12 T.C. 1118, 1121. * * *

Here, too, the petitioner has a similar burden of proof. *New Colonial Co.* v. *Helvering*, 292 U.S. 435 (1934) ; Rule 32, Tax Court Rules of Practice.

The petitioner's mother was 82 years of age when she executed the note and mortgage. The petitioner was her only son and as such the natural object of her bounty. These facts alone make it appropriate to subject this transaction to close scrutiny. *Henry Adams Ashforth et al., Executors, supra.* There is no evidence that any consideration passed to the decedent with respect to the note and mortgage which augmented her estate, granted her a right or privilege she did not possess before, or operated to discharge an existing claim. *Latty* v. *Commissioner*, 62 F. 2d 952 (C.A. 6, 1933), dismissing petition to review from 23 B.T.A. 1250 (1931). On the contrary, the petitioner testified that he paid no money for the note or the mortgage, but that he considered them a gift.

The petitioner rests on his contentions that the note and mortgage constituted a completed gift under Wisconsin law, and that the fact they were executed under seal conclusively establishes consideration for the gift thereof for the purposes of applying section 2053. However, we need not determine whether the note and mortgage were a completed gift under Wisconsin law, for proof that the claim was enforceable under local law is clearly insufficient to establish that it was supported by consideration in money or money's worth within the meaning of section 2053(c) (1) (A). *Estate of Herbert C. Tiffany, supra.* We also need not decide whether, in the circumstances of this case, the seal established conclusively consideration for purposes of the Wisconsin law, for the words of section 2053(c) (1) (A) are to be construed so as to carry out the purpose of the Federal statute, and the meaning and effect of such provision is not to be governed by local law. *Taft* v. *Commissioner, supra; Estate of Herbert C. Tiffany, supra.* The common law seal, however it may affect the validity of a contract

for the purposes of its enforcement under State law, is insufficient to establish consideration for the purposes of applying section 2053 because it is neither money nor an "equivalent money value" within the meaning of the statute. *Taft* v. *Commissioner, supra; Estate of Herbert C. Tiffany, supra; Estate of John M. Goetchius, supra; Estate of Emma Earle, supra;* 1 Mertens, *supra;* see also *Commissioner* v. *Wemyss, supra.* To treat a seal as "money or money's worth" would be clearly inconsistent with the purpose of including such requirement in section 2053 (c) (1) (A). *Taft* v. *Commissioner, supra.* The petitioner has attempted to distinguish our holdings in *Estate of Herbert C. Tiffany, supra,* and *Henry Adams Ashforth et al. Executors, supra;* although there are factual differences between those cases and this one, the principles which they establish are clearly applicable in this case.

In conclusion, we hold that the petitioner has utterly failed to prove that the note and mortgage were contracted bona fide and for a full and adequate consideration in money or money's worth; therefore, such note is not deductible under section 2053. *New Colonial Co.* v. *Helvering, supra; Estate of Herbert C. Tiffany, supra.* Accordingly,

*Decision will be entered for the respondent.*

