ESTATE OF GEORGE MARSHALL TRAMMELL, GEORGE M. TRAMMELL, JR., ADMINISTRATOR, DE BONIS NON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27666. Promulgated June 25, 1952.

*E. J. Walsh, Esq.*, for the petitioner.

*Frederick T. Carney, Esq.*, and *S. Earl Heilman, Esq.*, for the respondent.

665

**OPINION.**

BLACK, *Judge:* Originally there were three issues in this proceeding. At the hearing it was agreed that petitioner would be entitled to an additional deduction for attorney's fees incurred in the present appeal to the Tax Court and that this additional deduction will be settled in a recomputation under Rule 50. Therefore assignment of error (c) is no longer in the case.

Also respondent agrees that petitioner is entitled to an additional deduction for debts existing at the time of decedent's death, said debts consisting of income tax deficiencies determined against decedent for periods existing prior to his death and for a period ending with his death.

Petitioner introduced in evidence as Exhibit 4, a statement from the collector of internal revenue at Nashville, Tennessee, by which this additional deduction can be determined. An examination of this exhibit shows that it contains information as to payments made after decedent's death which have no relation to periods existing prior to his death or ending with his death. This, of course, would not represent an additional deduction to the estate. The statement does, however, contain information as to payments of deficiencies for periods prior to decedent's death and for a period ending with his death and in that respect would seem sufficient for a correct determination under Rule 50. We do not understand that there is any longer any controversy between the parties as to this issue. Hence, issue (b) is no longer in the case. In fact respondent's brief does not mention issues (b) and (c), thus indicating that he regards them as settled, except as the details of a recomputation under Rule 50. We have, therefore, left for decision only issue (a).

Petitioner states this issue in his brief as follows:

The single question involved is whether the value of decedent's partnership interest in a business partnership should be increased by adding an amount for

"good will" to the book value of the partnership interest. Or, stating it differently: Is there any good will value to the one-half undivided interest in the partnership of which decedent was a member?

Respondent states the issue in his brief, as follows:

Where a business, operated as a partnership, had tangible assets of $68,433.64,[1] and average annual earnings of $86,328.07 for a five-year period ending June 30, 1946, was the value of decedent's one-half interest in the partnership assets at least $55,000.00 on the date of his death, * * *?

The applicable statute is printed in the margin.[2] Both sides quote the applicable regulation which is printed in the margin.[3]

The Commissioner in his determination has relied upon this regulation. No authority is needed, of course, to support the proposition that the respondent's determination is presumed to be correct and the burden of proof is upon the taxpayer to show that the Commissioner is in error. However, in the instant case there is considerable testimony on the value of decedent's interest in the partnership, including good will, at the time of his death, and this is a case, therefore, to be decided upon its merits without reference to the presumption named above.

The petitioner argues that among other reasons why no value for the good will of the partnership should be attributed to decedent's interest in the partnership is that clause in the partnership agreement which reads as follows:

In the event this agreement is terminated by the death or inability to act of either of said partners, it is expressly agreed that the surviving partner may

---

[1] Tangible assets also has the figure $67,933.64 ($500 less) in another part of respondent's brief.

[2] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

(a) DECEDENT'S INTEREST.—To the extent of the interest therein of the decedent at the time of his death;

[3] REGULATIONS 105.

Sec. 81.10   Valuation of property.

*     *     *     *     *     *     *

(d) Interest in business.—Care should be taken to arrive at an accurate valuation of any business in which the decedent was interested, whether as partner or proprietor. A fair appraisal as of the applicable valuation date should be made of all the assets of the business, tangible and intangible, including good will, and the business should be given a net value equal to the amount which a willing purchaser, whether an individual or corporation, would pay therefor to a willing seller in view of the net value of the assets and the demonstrated earning capacity. Special attention should be given to fixing an adequate figure for the value of the good will of the business in all cases in which the decedent has not agreed, for an adequate and full consideration in money or money's worth, that his interest therein shall pass at his death to his surviving partner or partners.

The factors hereinbefore stated relative to the valuation of other property, if applicable, will be considered in determining the valuation of an interest in a business held as proprietor or partner. All evidence bearing upon such valuation should be submitted with the return, including copies of reports in any case in which examinations of the business have been made by accountants, engineers, or any technical experts as of or near the applicable valuation date.

continue the business as theretofore, and buy out the business of such partner, by paying therefor the reasonable value of the partner's property as may be determined from the books of the partnership, paying nothing for good will, and taking into account depreciation; etc.

Respondent argues that while the foregoing provision in the partnership agreement may be binding upon the partners, it is not binding upon the Commissioner in fixing valuation for estate tax purposes under section 811 (a) of the Code and Regulations 105, section 81.10,

In this contention, we think respondent must be sustained.

In *City Bank Farmers Trust Co., Executor*, 23 B. T. A. 663, we sustained the Commissioner in including in the gross estate of decedent 2,241 shares of stock of Walker and Heisler, Inc., at a value of $192 per share. The taxpayer in that case contended that:

\* \* \* since the contract of December 31, 1920, restricted the sale of this stock by requiring that it should first be offered to the other stockholders at its book value without taking into consideration any good will, it had no higher value than that fixed by the contract. \* \* \*

In sustaining the Commissioner's determination and overruling the taxpayers' contention we said:

\* \* \* It is apparent, however, that the stock must have had a value in excess of the book value. The company had been in business since 1907, first as a partnership and then as a corporation. It had made substantial earnings and had a good will of a considerable value. Although the parties can restrict the sale price of the stock as between themselves they can not, by such a contract, restrict the right of the Government to collect taxes upon the actual value of the stock.

See also *Claire Giannini Hoffman*, 2 T. C. 1160, 1177–1180, affd. *sub nom. Giannini* v. *Commissioner*, 148 F. 2d 285, certiorari denied 326 U. S. 730.

In the valuation of the good will of a business there are, of course, several factors to be considered among them being the earning record of the business for several years, the business location, reputation for fair dealing, type of clientele, quality of merchandise, amount and kind of advertising, and public esteem. All of these factors as disclosed by the evidence we have carefully considered in the instant case and we have arrived at the conclusion that the value of decedent's interest at the time of his death in the partnership business carried on under the name of "Grace's" including good will, was $45,000. In a recomputation under Rule 50 that value should be used instead of $55,000 as used by the Commissioner in his determination of the deficiency.

*Decision will be entered under Rule 50.*