SEYMOUR JOHNSON AND EDITH SEYMOUR CHISHOLM, EXECUTORS, ESTATE OF SARAH L. JOHNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6812. Promulgated January 31, 1928.

*Harry B. Caton, Esq.*, for the petitioners.
*J. F. Greaney, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN : More than two years before her death, Sarah L. Johnson transferred to her daughter and son real and personal property of the value of $260,179.17. The children agreed to pay their mother a stipulated amount every month as long as she lived, and to secure such payments they deposited with a trust company a portion of the personal property transferred to them by their mother. Upon these facts the respondent contends that the transfer of that portion of the property necessary to produce the annuity paid to Mrs. Johnson was intended to take effect in possession or enjoyment at or after death and should be included in the gross estate of the decedent for estate-tax purposes. The petitioners contend that the transfer of all the property was absolute and unqualified, that no part thereof was intended to take effect in possession or enjoyment at or after death, and that no part thereof should properly be included in the gross estate of the decedent.

Section 402(c) of the Revenue Act of 1921 provides:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

    \*        \*        \*        \*        \*        \*        \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

It is not contended that the transfer was made in contemplation of death or with intent to evade the tax, but it is urged that the transfer of a portion of the property was intended to take effect in possession or enjoyment at or after death.

The evidence in this proceeding is clear, uncontradicted and conclusive. The note for $60,000 was canceled and delivered by Mrs. Johnson to Seymour Johnson, the maker, and thereupon all obligation on account thereof was discharged. The real estate was conveyed in fee simple under warranty deeds executed by Mrs. Johnson, without reservation, limitation or qualification. The deeds were duly recorded and absolute title passed immediately to the daughter and son, respectively. The securities or shares of stock were delivered to the daughter and son in equal proportions and title thereto was transferred upon the books of the issuing companies to their respective names. The title to all the property and the right of possession and enjoyment passed to the daughter and son and took effect immediately upon the transfer of the same.

The mere fact that the transferees of the property were obligated to pay a stipulated annuity to the transferor, the payment of which was secured by deposit of a portion of the property transferred, does not render the transfer any the less complete at the time it was made. Nor is such circumstance alone sufficient to indicate that the transfer of any part of the property was intended to take effect in possession or enjoyment at or after death. In this case there was no reservation by the transferor of any part of the property or the income therefrom. The transfer was absolute and complete when made. The securities put up as collateral were voluntarily deposited by the transferees and were at all times under their control, subject only to the limitations placed thereon by their voluntary agreement. They enjoyed, and had the exclusive right to enjoy, the profits and income produced by such property.

At the date of the death of the transferor, Mrs. Johnson, no part of this property was owned by her or her estate, and the title, possession and enjoyment of the transferees was in nowise enlarged or affected, except that their obligation for the annuity ceased and the collateral put up was released. It was error to include any part of the property transferred in the gross estate of this decedent. (See *Appeal of United States Trust Co. of New York*, 1 B. T. A. 1086; *Appeal of Estate of Christian Mooyer*, 2 B. T. A. 723; *Otto T. Brehmer* v. *Commissioner*, 9 B. T. A. 423; *Edmund H. Fleming* v. *Commissioner*, 9 B. T. A. 419. Cf. also *Nichols* v. *Coolidge*, 274 U. S. 531.)

At the conclusion of the hearing the respondent, "for the purposes of the record," moved that the deficiency as determined by him be approved "in view of the record and upon the stipulation of facts set forth," and, in the alternative, moved that in any event the value of the securities transferred be included in the gross estate of the decedent. Both the primary and alternate motions are denied.

The deficiency, if any, will be recomputed in accordance with this opinion. .

*Judgment will be entered on 15 days' notice, under Rule 50.*