*1140 OPINION.
Blaor :
Although the facts are somewhat different, the question involved in this proceeding is the same .as was recently decided by this Board in the case of Estate of Anna M. Keller, 39 B. T. A. 1047, and is, of course, controlled by our decision in that case.
When Mrs. Le Gierse died on January 1, 1936, she was the owner .of a life insurance policy of $25.,00.0, payable to her daughter, Edyth Le Gierse, in which policy she had reserved the right to change the beneficiary. It was a regular life insurance policy, taken out by decedent upon her own life within .the meaning of section 302 (g) -of the Bevenue Act of 1926.
As we pointed out in the Keller case, we have no cause to treat the insurance payable under the policy as anything else other than insurance, merely because decedent was required to purchase a life annuity policy at the same time she purchased the insurance policy. Although Mrs. Le Gierse was 80 years of age when she purchased the two policies, she was in good health for one of her years and had a life expectancy of 'between four and five years and both the life insurance premium and the annuity premium were .calculated in .accordance with this life expectancy.
What might be the situation if someone known to himself and to the insurance .company to be -suffering from a mortal disease with only a short while to live should take out a life insurance policy together with a life annuity -policy principally to get the life insurance policy for the purpose of .availing to his estate the ’$40,000 life insurance exemption provided in section 302 (g)., we do not decide. We have no such case before us.
No other beneficiaries were entitled to receive .any amount as insurance under ,apy policy .taken out by .the decedent upon her -own *1141 life, and the $25,000, if insurance, was the only insurance receivable by Edyth Le Gierse as the beneficiary under a policy taken out by the decedent upon her own life. We hold that the $25,000 was “insurance taken out by the decedent upon her own life”, as that term is used in section 302 (g) of the Revenue Act of 1926 as amended by section 404 of the Revenue Act of 1934. Estate of Anna M. Keller, supra. It follows that the respondent erred in including the amount of $25,000 in the decedent’s gross estate.

Decision will be entered, for the petitioners.