CHARLES F. CLISE AND JAMES W. CLISE, JR., AS EXECUTORS OF THE ESTATE OF ANNA H. CLISE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96151.   Promulgated April 11, 1940.

*Warren H. Lewis, Esq.*, and *K. I. Ghormley, Esq.*, for the petitioners. *John H. Pigg, Esq.*, for the respondent.

**OPINION.**

STERNHAGEN: 1. As to the New York Life Insurance Co. policies No. 12,073,779 and No. 12,467,023, the Commissioner held them to be annuity contracts, the value of which is included within the gross estate in its entirety and not only to the extent of the excess over $40,000. Internal Revenue Code, sec. 811 (g). This is contrary to *Estate of Anna M. Keller*, 39 B. T. A. 1047; on review C. C. A., 3d Cir.; *Estate of Cecile Le Gierse*, 39 B. T. A. 1134; on review C. C. A., 2d Cir.; and is therefore reversed.

2. The Commissioner included the value of the annuity contracts in the gross estate under section 811 (c) as property "having been transferred to take effect in possession or enjoyment at or after death." He made no determination that they were transfers made in contemplation of death.

The petitioners concede that the value ($4,421.60) of the New York Life refund annuity No. 48,113 and the value ($8,799.40) of the Sun Life contract, in both of which decedent reserved the right to change beneficiaries, are properly within the gross estate.

The remaining 16 contracts were all made in December 1934 and provided for annuities payable to the decedent for life and then to designated survivors for life. Each was issued for a single premium and gave no rights to decedent except to receive the periodic payments. The named successor annuitant in each instance actually survived the decedent.

The evidence, irrespective of the decedent's belief that death is but a mental aberration, establishes that the annuity contracts were made not in contemplation of death but to provide for a safer investment and a more assured income. This finding has been made and petitioners have therefore proved "to the contrary" of the two-year statutory presumption.

The Commissioner relies upon Internal Revenue Code, section 811 (c), which is the result of the amendment by the Joint Resolution of March 3, 1931, which in turn was adopted to restrict the practical effect of *May* v. *Heiner*, 281 U. S. 238, and *Burnet* v. *Northern Trust Co.*, 283 U. S. 782; *McCormick* v. *Burnet*, 283 U. S. 784, and *Morsman* v. *Burnet*, 283 U. S. 783. See *Hassett* v. *Welch*, 303 U. S. 303. He regards *Chemical Bank & Trust Co. et al., Executors*, 37 B. T. A. 535, Commissioner's petition for review dismissed, C. C. A., 2d Cir., Jan. 3, 1939, as inapplicable because the annuity contract there considered was made before March 3, 1931, and hence protected from the retroactive application of the amended statute. *Hassett* v. *Welch*, *supra*.

Annuity contracts such as these have never been brought by statute within the gross estate. *Seymour Johnson et al., Executors*, 10 B. T. A. 411. *May* v. *Heiner*, *supra*, did not consider them directly or indirectly, and the remedial resolution of March 3, 1931, did not purport to deal with them.

By contracting for an annuity in consideration for a single sum the decedent was not transferring property (even though the term property be used to include money, cf. *Halliburton* v. *Commissioner*, 78 Fed. (2d) 265, C. C. A., 9th Cir.), of which she was retaining the possession or enjoyment or the income. She was purchasing an annuity for herself and her survivor. The property (money) which she was "transferring" was irretrievably gone and for it she was getting a promise of an annuity, payment of which was not limited or related to income from the consideration which she paid, but was to be made at all events. It may not be regarded as income. *Helvering* v. *Butterworth*, 290 U. S. 365; *Helvering* v. *Pardee*, 290 U. S. 365; *Ronald De Reuter*, 7 B. T. A. 600, 607; affd., *Burnet* v. *Whitehouse*, 283 U. S. 148. Thus the language of the statute, either before or after the amendment, does not touch it. It is still true under *May* v. *Heiner*, *supra*, that the rights of decedent's survivors are not to be regarded as attributable to the death, but to a contract made during life, and decedent did not retain for herself the possession or enjoyment of the property transferred or the income from it.

The determination including the value of the sixteen contracts in the gross estate is reversed.

*Decision will be entered under Rule 50.*