## COMMISSIONER OF INTERNAL REVENUE v. WILDER'S ESTATE.

### No. 9721.

Circuit Court of Appeals, Fifth Circuit.
March 20, 1941.

**282**

Joseph M. Jones and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

W. W. Spalding, of Washington, D. C., for respondent.

Morris Douw Ferris, Frederic E. Mygatt, Jr., and Emmett W. Poindexter, all of New York City, for Amicus Curiae.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

A. M. Wilder died May 19, 1937, resident in Louisiana, survived by. his wife, Josephine.. In computing estate taxes the Commissioner included in the estate one-half of $104,356, which he determined to be the then value of four annuity contracts issued by New York Life Insurance Company. The Board of Tax Appeals, following its decision in Clise v. Commissioner, 41

B.T.A. 820, now pending on review before the Circuit Court of Appeals for the Ninth Circuit, held the half value of the contracts not includable in Wilder's estate. The correctness of that determination is the sole question.

Wilder and his wife had a community estate under the laws of Louisiana. In 1934 he .obtained three annuity contracts, and in 1936 a fourth, paying for them lump sums from the community estate. The aggregate investment was $119,830. The contracts, all of the same form, promise to pay each month sums which aggregate $500 per month to Wilder during his lifetime and upon his death to the wife Josephine, if she be living, until her death. The contracts are irrevocable, and provide for no change of beneficiary or cash surrender or loan values. Wilder was fifty-six years old in 1934 and his wife nine years younger.

The pertinent part of the estate tax statute, 26 U.S.C.A. Internal Revenue Code § 811, reads: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible * * * (c) to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of. or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life * * * (1) the possession or enjoyment of, or the right to the income from, the property * * *."

The taxability of a transfer is not to be determined by the refinements of conveyances or the technicalities of contracts, but by comparing the substance and practical effect of what was done with the standards set up by the taxing Act. Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. This Act aims to tax the transfer of a decedent's estate at his death, and to include in his estate the value of all property which by previous transfers has been so arranged as to pass to others at his death otherwise than through his personal representatives, when he retains it substantially or beneficially until his death. Now Wilder, having about $120,000, half belonging to him and half to his wife, transferred the money to the Insurance Company on its promise to pay him back certain fixed sums during their joint

lives, and on the death of either to continue to pay the survivor till both should die. The Insurance Company estimated the number of payments it would likely have to pay according to the greater life expectancy of the wife, and the parties intended that the sum invested would thus be repaid with a· small interest, there being some risk assumed on both sides as to the actual time of death of the survivor. That risk is the only insurance feature. Otherwise it is as though Wilder had loaned the money, or sold land, to the Insurance Company for annual instalment payments. Those instalments that are paid while he and his wife are alive fall back into the community. Those which are paid after the death of either are received wholly by the survivor, who thus gets the deceased spouse's half interest without administration. The arrangement suffices to transfer one-half the value of the investment remaining at the first death to the survivor. Though it involves no trust it is a transfer "otherwise", and comes within the words of the statute. The case does not fall under the last part of the above quoted clause about retaining possession or income so plainly as it does under the broad language preceding. This plan of transferring money-values at death without administration does not evade estate taxes. The Commissioner's action was proper and the tax ought to be redetermined accordingly.

The judgment of the Board of Tax Appeals is reversed and the cause remanded for further proceedings consistent herewith.