### HOUSTON v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 7787.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 3, 1941.

Decided Dec. 16, 1941.

Sabato M. Bendiner, of Philadelphia, Pa, (Irvin Bendiner, of Philadelphia, Pa., on the brief), for petitioner.

Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

PER CURIAM.

The taxpayer in 1934 made a gift of five life insurance policies on his own life. The policies had been issued prior to 1914 on the twenty-payment-life plan and at the time when the taxpayer's gift was made had become fully paid up. The taxpayer contends that the value of the policies, upon which the gift tax is to be estimated, should be the cash surrender value they bore at the date of the transfer. The Commissioner's contention is that the value should be the replacement cost computed by using the amounts the companies would have charged a person of the taxpayer's attained age for single premium life policies of the total face amount involved. The Board of Tax Appeals upheld the Commissioner's contention.

We think the question involved is settled for this court and the Board of Tax Appeals as well, by the decisions of the Supreme Court in Guggenheim v. Rasquin, 1941, 312 U.S. 254, 61 S.Ct. 507, 85 L.Ed. 813; Powers v. Commissioner of Internal Revenue, 1941, 312 U.S. 259, 61 S.Ct. 509, 85 L.Ed. 817; and United States v. Ryerson, 1941, 312 U.S. 260, 61 S.Ct. 479, 85 L.Ed. 819. In the Ryerson case the policies involved were single premium policies but were assigned as gifts after the insured had been the owner of them for several years. The court said that the cost of replacement is the best available criterion of the value of the policies for the purpose of the gift tax. We see no substantial distinction between the gift of a single premium policy and the gift of a fully paid-up policy which has been paid for in instalments.[1] The question of valuation in connection with the gift of a policy upon which current premiums are being paid at the date of the gift is another matter upon which we do not purport to pass.

The decision of the Board of Tax Appeals is affirmed.

---

[1] To the same effect, see the comment by Charles L. B. Lowndes in 90 U. of Pa. L.Rev. 156, 162 (1941).