## MEARKLE'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7987.

Circuit Court of Appeals, Third Circuit.

Argued May 20, 1942.

Decided June 17, 1942.

---

C. Russell Phillips, of Philadelphia, Pa. (Stephen T. Dean and Montgomery, Mc-Cracken, Walker & Rhoads, all of Philadelphia, Pa., on the brief), for petitioners.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Gerald L. Wallace, Sp. Assts. to the Atty. Gen., on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This case presents an appeal by taxpayer-executors from a decision of the Board of Tax Appeals[1] sustaining a determination of deficiency in estate taxes against the estate of Harry L. Mearkle who died February 20, 1936.

The controversy concerns the taxability as part of the decedent's estate, of six joint and survivor annuity contracts which the decedent purchased in 1933, 1934 and 1935. While the terms of the contracts are not identical we think the differences which exist do not substantially affect the determina-tion of the controversy here. In general: all of the contracts are irrevocable; some of them provide for payments to Mr. and Mrs. Mearkle during their joint lives and on the death of either to the survivor; the others are payable to the decedent and upon his death to his wife. The wife survived. None of these contracts were included in the estate tax return. This omission was the basis of the deficiency determination.

The taxpayer makes three points. The first is that the wife's benefit from these annuity contracts was a gift to her at the time the annuities were purchased and, therefore, not the subject of any estate tax at all upon the death of the husband who purchased the policies. The second point is that the basis of valuation is so inaccurate as to be arbitrary. Finally, the taxpayer says that if the value of the contracts is to be included in the decedent's estate such value must be determined according to a Regulation claimed to be applicable at the time of the decedent's death and not by amendments to the Regulations subsequently incorporated.

I.

Were the annuities to be included in the decedent's estate? The executor of the estate admits that he opens argument upon this point with a heavy burden to overcome. The statute involved is § 302 (c) of the Revenue Act of 1926 as amended.[2] Last year both the Fifth Circuit and the Ninth Circuit held, in cases indistinguishable with the one presented here, that the value of the annuities is to be included in decedent's estate for estate tax purposes. Commissioner of Internal Revenue v. Wilder's Estate, 5 Cir., 1941, 118 F.2d 281, certiorari denied 1941, 314 U.S. 634, 62 S.Ct. 67, 86 L.Ed. ——; Commissioner of Internal Revenue v. Clise, 9 Cir., 1941, 122 F.2d 998, certiorari denied 1942, 62 S.Ct. 914, 86 L.Ed. ——.

Even without the authority of these decisions in the other Circuits we should be constrained to reach the same result. However, the question was so thoroughly dis-

---

[1] 1941, 45 B.T.A. 894.

[2] § 302. "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or other-wise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, * * *." Revenue Act of 1932, § 302(c), 26 U.S.C.A. Int.Rev.Acts, p. 228, amending the Joint Resolution of March 1931, 26 U.S.C.A. Int.Rev.Acts, p. 227.

cussed in the opinion of the court in the Clise decision that it would smack of pedantry to repeat, so soon thereafter, an analysis of the problems dealt with in that opinion. We agree with that court that the practical effect of such annuity contracts is to reserve to the annuitant the enjoyment of the property transferred and to postpone the fruition of the economic benefits to the second annuitant until after the death of the first,[3] and that such transfers are " 'too much akin to testamentary dispositions not to be subjected to the same excise.' "

It may be added that discussion from non-judicial sources is to the same effect. Thus in a paper appearing between the decision of the Clise case by the Board of Tax Appeals, 41 B.T.A. 820, and the publication of the opinion of the Circuit Court of Appeals, the author said: " * * * the general conclusion is inescapable that in commercial annuity contract cases [of the type under consideration here] there is in reality a transfer to a donee postponed until death. * * * The result for tax-purposes is exactly the same as if a contract were entered into by which the transferee of money promised to pay the transferor amounts equal to the interest plus portions of the principal and upon his death to continue the payments to a third party until the interest and principal amount paid in were exhausted."[4]

Upon this branch of the case the decision of the Board of Tax Appeals is correct on both reason and authority.

## II.

The further questions raised by petitioners have to do with the valuation of the interest subject to taxation. This problem was not before the courts in the decisions just discussed. The valuation placed by the Commissioner, following the apposite Regulation, is the amount it would have cost to buy for the decedent's widow, on the day of his death, a similar annuity.[5] It is now settled by final authority that for gift tax purposes, the value of a paid up life insurance policy is the current cost of such policy at the time of the gift. Guggenheim v. Rasquin, 1941, 312 U.S. 254, 61 S.Ct. 507, 85 L.Ed. 813; United States v. Ryerson, 1941, 312 U.S. 260, 61 S.Ct. 479, 85 L.Ed. 819; followed by this Court in Houston v. Commissioner of Internal Revenue, 3 Cir., 1941, 124 F.2d 518. Conceding, as they must, the force of these decisions, the taxpayers contend that they do not control here. In the gift cases, they say, it is always possible to go out and buy an identical policy on the date of the gift. But in these annuity cases, the death of the first annuitant changes the situation irrevocably. All that it is now possible to do is to purchase an annuity contract like that which is left of the decedent's contract. This, say the petitioners, would subject the purchaser to the loading charge of a second policy, presumably increasing the cost over what a single annuity contract for two lives would cost. Then it is asked what would happen if insurance companies doubled the cost of single premium annuities or refused to issue them at all. To these considerations the petitioners might have added the point that the cost of an annuity to the second annuitant might have increased if reckoned on the date of the first annuitant's death by reason of the former having attained greater life expectancy by the passing of the years.

But all these matters lie in the field of speculation, or at the best, discussion. There is no evidence in the record to show that the method of valuation adopted in the Regulations produces arbitrary results. It may well be that there are several methods of valuation which could be resorted to here, and that more than one of those methods would be reasonable. One is set out in the Regulations. They were compiled in accordance with the statute,[6] and the general power to promulgate them, un-

---

[3] In some of the annuities in the present case, there was a joint enjoyment of the economic benefits during the joint lives of the annuitants. However, on the death of the husband, his widow succeeded to the complete enjoyment of those benefits.

[4] Meisenholder, Taxation of Annuity Contracts Under Estate and Inheritance Taxes (1941) 39 Mich.L.Rev. 856, 902. The reasoning of the Board in the Clise case is adversely criticized in 1 Paul,

Federal Estate and Gift Taxation (1942) § 7.18.

[5] Treas.Reg. 80 (1937 Ed.) Art. 10(i) (2):

"(i) *Annuities, life, remainder, and reversionary interests.*—* * *

(2) The value of an annuity contract issued by a company regularly engaged in the selling of contracts of that character is established through the sale by that company of comparable contracts."

[6] 26 U.S.C.A. Int.Rev.Code, § 3791.

der statutory authority, is too well established to be seriously questioned.[7] Quite obviously a Regulation prescribing a method for valuation is not to be stricken down by the taxpayer's preference for a different method. Valuation of life insurance policies when their transfer is subject to gift tax based upon cost at the time of the taxable event has been upheld in the cases already cited. While undoubtedly there are differences presented in the situation where the taxable event is the death of the first of two annuitants, we have not been shown facts which make the same method of valuation so arbitrary as to be contrary to law.

### III.

The final argument for the petitioners is that the method of valuation has been changed by the Regulations since the date of the decedent's death, and that, if a tax is to be imposed, he is entitled to have applied the standard for valuation imposed by the Regulations as of that date. This argument is, of course, bottomed upon the decision of the Supreme Court in Helvering v. R. J. Reynolds Tobacco Co., 1939, 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536.

The rule to which the argument refers is Article 13 (10) of Regulations 80, as it stood at the date of the decedent's death in 1936. Under its provisions, if applicable, the present worth of an annuity of the type described was to be computed, speaking approximately, by multiplying the second annuitant's life expectancy by the amount payable each year upon the contract. The result of this method, on figures submitted by the petitioners would give a valuation in this case nearly $46,000 less than that found by the Commissioner.

If the Regulation cited applies to this case, we are faced with the problem of the legality of a change in Regulations made after the taxable event, and the application of the Reynolds decision to the situation. This question we do not answer for we think it plain that it is not before us. Article 13 (10) gives a rule "In the case the decedent was entitled to receive an annuity of a definite amount during the lifetime of another person, * * *." An instance within the rule would be a case where an insurance company has issued an annuity policy by which the company promises to pay A an annual sum so long as B lives. A dies before B. What is the value of that policy to A's estate?

■■ But how does that set of facts have anything to do with this case? Petitioners' argument is that the paragraph cited fits this case because it is assumed that the decedent owned the annuity which his widow now enjoys. We do not find stated the reason for this assumption, but presume it to be that unless it represents the fact there is no transfer of an interest at death, and hence no basis for tax at all. The concept of a taxable event under the federal estate tax is not limited to the case of inheritance of a fee simple estate in real estate at the common law by the heir at the death of the owner. If it were, such a familiar subject for estate and inheritance tax as transfers in contemplation of death would be excluded. As Mr. Paul puts it: " * * * we have the undoubted purpose of Congress to use its power to the full extent and sweep into the taxable orbit every transfer which accomplishes a shift in the economic benefits of property from the decedent to another at his death."[8] An instance of Congressional efforts to attain the object of that purpose may be found in the description of the history of the 1931 amendments to § 302 (c) of the law, outlined in the opinion in the Clise case, already discussed.

Even on common law concepts of property interests, we do not see how the decedent owned an annuity for the life of another. The terms of the policies were irrevocable; there was no power to change beneficiaries. The company promise was to pay so much to one person during his life, to another person after his death.

There being no Regulation applicable to this case at the time of the decedent's death, there is obviously no problem of retroactive application. The reasonableness of the subsequent Regulation for determining value has already been discussed. We think that the Regulation referred to by the petitioners is not in point, that the method of valuation has not been shown to be unreasonable and that the annuities in question became subject to the estate tax at the death of the first annuitant.

The decision of the Board of Tax Appeals is affirmed.

---

[7] Brushaber v. Union Pacific R. Co., 1916, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713.

[8] 1 Paul, Federal Estate and Gift Taxation (1942) § 4.12.