SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,

v.

INSURANCE SECURITIES INCORPO-
RATED et al., Defendants.

No. 35764.

United States District Court
N. D. California, S. D.
Nov. 29, 1956.

Thomas G. Meeker, Gen. Counsel, Aaron Levy, Sp. Counsel, Securities and Exchange Commission, Washington, D. C., F. E. Kennamer, Jr., Atty., Securities and Exchange Commission, San Francisco, Cal., for plaintiff.

Moses Lasky, Brobeck, Phleger & Harrison, Philip S. Ehrlich, San Francisco, Cal., Elwood Murphey, Oakland, Cal., Alfred Jaretzki, Jr., Sullivan & Cromwell, New York City, for defendants Insurance Securities Corp., Abe P. Leach, Ossian E. Carr, Arthur J. Lonergan, Roy A. Haight, and Leland M. Kaiser as attorney and proxy for investors of Trust Fund.

GOODMAN, District Judge.

The motion to dismiss the plaintiff's complaint involves the question whether the "Investment Company Act of 1940" 54 Stat. 789, 847, 15 U.S.C.A. § 80a–1 et seq. invests in the plaintiff the right to obtain the relief here sought. This tenders a problem of first impression.

The plaintiff will be referred to as "SEC," the defendant Insurance Securities Incorporated, as "Service Company" and the defendant "Trust Fund Sponsored by Insurance Securities Incorporated," an open-end diversified management company, as "Trust Fund."

The complaint discloses that the Trust Fund is an open-end diversified management company, organized under California law, and authorized by Sections 4 and 5 of the Act, 15 U.S.C.A. §§ 80a–4 and 5, and registered with SEC in accordance with Section 8(b) of the Act, 15 U.S.C.A. § 80a–8(b). The Trust Fund purchases insurance securities and sells to public investors, agreements of participation or interest in the Trust Fund's securities. All securities of

Trust Fund are held by Pacific National Bank of San Francisco, as Trustee under a trust agreement between it, and Service Company for the benefit of Trust Fund's investors. The Service Company a California corporation, is the sponsor and investment advisor and principal underwriter of the Trust Fund. The defendants Leach, Carr, Lonergan and Haight are directors and officers and principal stockholders of Service Company. Trust Fund has no officers or directors of its own and its management functions have been carried on by Service Company.[1]

Service Company sells to the public, investment participating agreements in Trust Fund and receives a fee for such service as well as a fee for administering Trust Fund, and for investment advice in connection with the purchase and sale of its securities. Such an arrangement is sanctioned by the Act.[2] The relationship of Service Company and Trust Fund is governed by a trust agreement, which specifies the nature of the obligations of Service Company, its compensation and the reciprocal obligation of Trust Fund to pay for such service. The Act requires,[3] and the trust agreement provides, that the agreement must be approved annually by a majority vote of the investment participation units of Trust Fund.

The relationship above described started in 1938 and has continued since upon a rising arc of volume, until in 1955, the receipts of Service Company from all fees amounted to $4,798,000.

In 1956, the four individual defendants, named supra, whom SEC alleges had the controlling stock interest in Service Company, sold their shares to a group of newcomers headed by defendant Kaiser. Thereupon Service Company solicited proxies from the investors in Trust Fund to be voted at a meeting of the investors in Trust Fund for the purpose of reaffirming the existing agreement between Service Company and Trust Fund, for the amendment of the by-laws of Trust Fund to provide for the establishment of a board of directors thereof, and for the election of the individually named defendants as directors of Trust Fund.

SEC sought by the complaint to enjoin the holding of the meeting, to enjoin the individually named defendants (except Kaiser) [4] from holding office as directors of Trust Fund, to perpetually debar them from thereafter holding office as directors of Service Company, to enjoin the proposed re-instatement of the contracts between Service Company and Trust Fund, and further that the individually named defendants be required to account for the profits realized upon the sale of their shares in Service Company, alleged to be approximately $4,-240,000 in excess of the net book value of such shares.

SEC claims that the right to this remedy flows from Section 36 of the Act, 15 U.S.C.A. § 80a–35, in that the officers and directors of Service Company have been guilty of "gross misconduct or gross abuse of trust in respect of [the] registered investment company for which [they] act."[5]

1. Since the commencement of the action, Trust Fund has, by amendment to its by-laws, authorized the creation of a Board of Directors of its own.

2. Sec. 15 of the Act, 15 U.S.C.A. § 80a–15.

3. Sec. 15 of the Act, 15 U.S.C.A. § 80a–15 (b) (1).

4. Dismissal of the action against defendant Kaiser is separately sought upon the ground that no cause of action is stated against him and that it does not appear that he is a necessary or proper party.

We do not discuss this aspect of the motion in view of the disposition made of the whole case.

5. "Sec. 36. The Commission is authorized to bring an action in the proper district court of the United States or United States court of any Territory or other place subject to the jurisdiction of the United States, alleging that a person serving or acting in one or more of the following capacities has been guilty, after the enactment of this title and within five years of the commencement of the action,

SEC contends that the sale by the individually named defendants of a claimed controlling interest in Service Company shares, worked an automatic termination of the contracts between Service Company and Trust Fund. If the sale of the shares by the individually named defendants was a sale of a controlling interest, the SEC is right, for Sec. 15(a) (4) of the Act provides that any assignment of such contracts automatically terminates the same and Sec. 2(a) (4) of the Act provides that the sale or transfer of a controlling block of the outstanding voting securities of a Service Company is an assignment within the meaning of Section 15(a) (4).

The Court finds it unnecessary to decide the question whether under the complaint's allegations, the sale by the four named individual defendants was a transfer of a controlling stock interest in Service Company, inasmuch as decision on the motion to dismiss will be based upon the fundamental issue as to whether the statute otherwise authorizes this cause or the remedy sought.

The language of Section 36 is clear. The Congress authorized the sort of action here brought if officers or directors of an investment advisor are guilty of gross misconduct or gross abuse of trust in *respect of any registered investment company for which such persons serve or act.* The complaint makes no charge of any misconduct or abuse of trust, gross or otherwise, with respect to Trust

Fund or its investors. No claim has been made in the complaint or otherwise that the business of Trust Fund has not been conducted efficiently or honestly or that the investors of Trust Fund have suffered any loss or damage of any kind with respect to their interest in Trust Fund by reason of any act or conduct of Service Company, or its officers or directors.

In my opinion, no dereliction or even misconduct of officers or directors of Service Company within the area of its own independent affairs *falls within the reach of Section 36.*[6] That the Congress clearly intended to so limit the reach of Section 36, as it clearly did in precise language, is evidenced by the fact that Section 36, when first considered by the Congress, applied to misconduct and abuse of trust *generally.*[7]

But the Congress decided to limit, as it did in the Act itself, such misconduct to obligations respecting the Trust Fund itself.[8]

In its essence, the contention of SEC appears to be that, per se, the assignment or sale at substantial profit, of a controlling stock interest in Service Company, since it works an automatic termination of the trust agreement, injured the trustors of Trust Fund and constituted "gross misconduct" or "gross abuse of trust" under Section 36. But there is no warrant for such a non sequitur. The Congress did not make the assignment of agreements between Service

---

of gross misconduct or gross abuse of trust in respect of any registered investment company for which such person so serves or acts:

"(1) as officer, director, member of an advisory board, investment advisor, or depositor; or

"(2) as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company.

"If the Commission's allegations of such gross misconduct or gross abuse of trust are established, the court shall enjoin such person from acting in such capacity or capacities either permanently or for such period of time as it in its discretion shall deem appropriate."

6. The second cause of action alleges misstatements or omissions in the proxy statements distributed by Service Company to the investors of Trust Fund. Such allegations, if proved, might be violative of other sections of the Act (20(a) of the Act) and of the Regulations, authorized by the Act (Rule N–20A–1; 17 C.F.R. 270.20a–1) but are not reachable under Section 36.

7. See original bill introduced in the Senate by Senator Wagner, March 14, 1940: (S. 3580, 76th Cong. 3rd Sess.)

8. Cf. Doyle v. Milton, D.C., 73 F.Supp. 281 at pages 284, 285; Addison v. Holly Hill Co., 322 U.S. 607, 617, 64 S.Ct. 1215, 88 L.Ed. 1488.

Company and Trust Fund, a violation of the Act, thus subjecting the violator to any or all of the sanctions provided by the Act. The Congress provided a specific remedy, namely, that any such assignment worked an automatic termination, thus leaving it to the investors of Trust Fund to determine whether or not they wanted to continue on under a similar or different agreement with Service Company, differently controlled by different stock ownership therein, or contract with some other service company.

It is argued by SEC that there is something evil, amounting to gross misconduct or abuse of trust on the part of the principal owners of Service Company, arising out of the large profit in the sale of their shares and in soliciting and obtaining proxies from the investors of Trust Fund for the purpose of re-instatement of the terminated contract and thus making secure and certain the large profits referred to. And SEC says that these profits are trust funds for which the principal owners of Service Company are accountable to the investors of Trust Fund.

This argument is reminiscent of what has often been stated in many cases, where it is sought to judicially extend the purposes and reach of statutes, namely, that such arguments should be directed to the Congress. It may be, but the Court stands aloof from this consideration, that statutory provisions might or should be made with respect to such matters. The courts are not overall supervisory agents of all the morals, equities or standards in the field regulated by the Act. We have enough to do to apply and interpret the statutes as the Congress writes them.[9]

While the complaint sets forth two causes of action, it is clear, and indeed it is admitted, that the second cause of action stands or falls upon the validity of the first. Consequently, it is unnecessary to discuss the second cause of action.

The motion to dismiss the complaint is granted.

Present an order accordingly.

---

9. The only case cited by SEC involving the application of Sec. 36 (and indeed the only case we have been able to find) is Aldred Investment Trust v. Securities and Exchange Comm., 1 Cir., 1945, 151 F.2d 254. It has no precedential value here because it involved a clear breach of trust as to the trust fund. There the operator of the trust fund clearly abused his trust by converting good utility securities into ownership of a race track!