**Rose M. LIBBEY, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 32555.**

United States District Court
N. D. California, S. D.

Dec. 24, 1956.

George Devine, Jr., and P. S. Labagh, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

This cause presents a new problem in interpretation of the ever troublesome section 811(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(c), de-

claring that the value of a decedent's gross estate shall include the value of all property of which he has at any time made a transfer intended to take effect in possession or enjoyment at death. The very narrow question tendered is whether an annuitant made a transfer within the meaning of Section 811(c) in refraining from exercising an option to convert a ten-year annuity providing survivorship benefits for his designed beneficiary to an annuity for his life only.

The facts have been stipulated. On February 26, 1937, the California Packing Corporation purchased from the John Hancock Insurance Company ten-year retirement annuities for all employees having twenty consecutive years of service. Among such employees was Fred N. Libbey, the husband of the plaintiff herein. His annuity contract entitled him to 120 monthly payments of $149.24 commencing on the contract anniversary nearest to his 65th birthday, namely, February 26, 1941. The contract provided that if he should die prior to that date, his wife or other substituted beneficiary should receive a lump sum benefit, but that if he died after the commencement of the monthly payments, such payments would be continued to his wife or other substituted beneficiary, or, if no beneficiary were then living, the remaining payments due would be commuted at the rate of three per cent per annum and paid in one sum to his executor or administrator. The contract also granted Libbey the option at any time prior to the commencement of the annuity payments, to convert the ten-year annuity to: (1) a life annuity with slightly greater monthly payments; (2) a cash refund annuity providing lower monthly payments and a lump-sum refund on his death to his beneficiary or estate if the payments received did not equal the proceeds applied toward the purchase of the annuity; (3) a joint and last survivor life annuity payable to him for life and after his death to

such beneficiary for life as he should nominate prior to the commencement of annuity payments; (4) a joint and one-half survivor annuity providing a larger monthly income to him than the joint and last survivor annuity, but only half that amount to his survivor for life.

Libbey did not exercise any of these options. He died on February 19, 1954 after receiving thirty-six monthly payments on the ten-year annuity. His wife as his executrix, filed an estate tax return in which she reported the existence of the annuity which became payable to her at her husband's death at a value of $10,946, but she did not include its value in her husband's gross estate. After an audit of the return, the Commissioner of Internal Revenue included the value of the annuity in Libbey's gross estate and assessed an additional estate tax in the amount of $3,518.23, including interest. Plaintiff paid the additional tax assessed and now seeks a refund, contending that the Commissioner erroneously included the value of the annuity in her husband's estate.

If Libbey had purchased the ten-year annuity with his own funds, the purchase would have constituted a transfer intended to take effect in possession or enjoyment at death. Commissioner of Internal Revenue v. Clise, 9 Cir., 1941, 122 F.2d 998; Commissioner of Internal Revenue v. Wilder's Estate, 5 Cir., 1941, 118 F.2d 281; Mearkle's Estate v. Commissioner, 3 Cir., 1942, 129 F.2d 386.

But, here the annuity was purchased by Libbey's employer. Plaintiff urges that there was therefore no transfer of property made by Libbey. The Government contends that since Libbey had the option to convert the ten-year annuity to a life annuity, by refraining from doing so he assured that his wife would receive any unpaid annuity at his death and thereby he indirectly effected a transfer intended to take effect in possession or enjoyment at his death.[1]

---

1. In addition the Government contends that by refraining from exercising the option, Libbey effected a transfer of property under which he retained for his life the right to designate the persons who should possess or enjoy the property or

To sustain the view of the Government requires the stretching of Section 811(c) far beyond the reach of its plain language. Giving full recognition to the guiding principle that the substance rather than the form of a transaction controls its tax consequences,[2] it is nevertheless clear that plaintiff's right to receive annuity payments upon her husband's death did not result from any transfer of property made by him.

The great increase in employee retirement programs, both in number and variety, has produced unique tax problems. Consistency in the present scheme of federal estate taxation may well require that annuities, such as the instant one, be taxed. But that is a problem for the Congress.[3]

Plaintiff is entitled to a refund of the $3,518.23 paid by her as a result of the Commissioner's inclusion of the value of the annuity in her husband's estate.

Plaintiff also seeks a refund of $713.45 in additional estate tax, including interest, assessed as a result of the Commissioner's determination that plaintiff and her husband held certain real property as joint tenants rather than as tenants in common. The Commissioner was clearly correct in his determination that the property was held in joint tenancy. Plaintiff is not entitled to a refund of the tax assessed on the basis of that determination.

Upon the presentation of findings pursuant to the Rules, judgment will enter in favor of plaintiff for $3,518.23 plus interest.

the income therefrom, 1939 I.R.C. § 811 (c) (1) (B). It also contends that by refraining from exercising the option he effected a transfer of property where the enjoyment of the property was subject at the date of his death to a change through the exercise of a power to alter, amend, revoke, or terminate. 1939 I.R.C. § 811(d). Since the point in issue is whether or not Libbey made any transfer of property at all, it is unnecessary to separately consider these alternate contentions.

2. Commissioner of Internal Revenue v. Estate of Church, 1949, 335 U.S. 632, 644, 69 S.Ct. 322, 337, 93 L.Ed. 288.

3. Some government agencies endeavor to enter *new fields* by seeking judicial extension of statutory power instead of appealing to the Congress, the lawmaker.
   Cf. S. E. C. v. Insurance Securities, Inc., 146 F.Supp. 778.