249 F.2d 379
 57-2 USTC P 11,727
 Eloise Arms FORSTER, as Assignee of State Bank and Trust
Company, Executor of the Estate of Elizabeth G.
Arms, Deceased, Plaintiff-Appellant,
v.
E. J. SAUBER, Director of Internal Revenue, Chicago,
Illinois, Defendant-Appellee.
 No. 12074.
 United States Court of Appeals Seventh Circuit.
 Nov. 4, 1957.
 
 James D. Peterson, Chicago, Ill., for appellant.
 Charles K. Rice, Asst. Atty. Gen., S. Dee Hanson, Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., Robert Tieken, U.S. Atty., Chicago, Ill., John N. Stull, Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Fred E. Youngman, Attys., Dept. of Justice, Washington, D.C., Donald S. Lowitz, Asst. U.S. Atty., Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 The only question raised in this appeal from a decision of the United States District Court is whether, under Section 811(c)(1)(B) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 Ed.), 811, the gross estate of the decedent for federal tax purposes includes the value, at the date of the decedent's death, of two survivorship annuity contracts, which she purchased during her lifetime.
 
 
 2
 The decedent, Mrs. Elizabeth Arms, in December, 1948, and April, 1949, purchased two annuities, one from the Travelers' Insurance Company for a premium of $38,872.13, and one from John Hancock Mutual Life Insurance Company for a single premium of $38,872.50. Under each, the decedent was to receive an annuity during her lifetime and, upon her death, her daughter, plaintiff in this cause, Eloise Arms Forster, was to receive the annuity until the date of her death. The district court held that the value of each policy, which is not in controversy, should be included in the gross estate of the decedent for federal estate tax purposes, and entered judgment for defendant. Plaintiff has appealed, urging that the annuities should not be included as transfers retaining life estates, but that they should be included as transfers intended to take effect in possession or enjoyment at the death of the transferor.
 
 
 3
 Before discussing the issues, we should add that the executor made gift tax returns and paid a gift tax on each of the polices after Mrs. Arms died. The Commissioner, in determining deficiencies, allowed a credit upon the estate tax for the amount of gift taxes paid. The tax assessed was paid, whereupon this suit to recover was instituted.
 
 
 4
 Section 811(c)(1) of the Internal Revenue Code of 1939 makes it necessary to include in a decedent's gross estate the value of all property of which the decedent has at any time made a transfer '(B) under which he has retained for his life * * * the possession or enjoyment of, or the right to the income from, the property' transferred, and (C) all such transfers 'intended to take effect in possession or enjoyment at or after his death', and as we have said, our sole question is whether the Commissioner properly concluded and the trial court held that these annuities were governed by transfers defined under (B).
 
 
 5
 It seems to us crystal clear that the very terms of the statute require inclusion of the transfers, inasmuch as the grantor has retained the economic enjoyment of the contracts for life, since each annuity provided expressly that the purchaser retained the income for as long as she lived and that, upon her death, it would be paid to her daughter during the latter's lifetime. Agreeing with our conclusion is the opinion of the Ninth Circuit, in Commissioner v. Clise, 122 F.2d 998, at pages 1003, 1004, certiorari denied 315 U.S. 821, 62 S.Ct. 914, 86 L.Ed. 1218. There, the court said: 'Unquestionably, Mrs. Clise, the first annuitant, reserved to hereself the enjoyment-- the economic benefit, of these contracts during her lifetime. * * * it follows that the decedent had reserved a life estate in the proceeds of the contracts, which would leave the value of the respective contracts taxable to her, * * * '* * * of which (decedent) has at any time made a transfer, * * * under which he has retained for his life * * * the * * * enjoyment of * * * the property, * * *.' The word 'transfer', said the Supreme Court in Chase Nat. Bank of City of New York v. United States, 278 U.S. 327, 337, 49 S.Ct. 126, 128, 73 L.Ed. 405, * * *, 'must, we think, at least include the transfer of property procured through expenditures by the decedent with the purpose, effected at his death, of having it pass to another.' * * * It is not coining a phrase to say that taxation is a practical matter, dealing with practical problems. The practical effect of the annuity contracts was to reserve to Mrs. Clise the enjoyment of the property transferred and to postpone the fruition of the economic benefits thereof to the second annuitants until her death.' This case was followed by Mearkle's Estate v. Commissioner, 3 Cir., 129 F.2d 386, 388, where the court adopted the reasoning of the Ninth Circuit, saying: 'We agree with that court that the practical effect of such annuity contracts is to reserve to the annuitant the enjoyment of the property transferred and to postpone the fruition of the economic benefits to the second annuitant until after the death of the first * * *' and by Grant v. Smyth, D.C., 123 F.Supp. 771. See also Commissioner v. Wilder's Estate, 5 Cir., 118 F.2d 281, certiorari denied 314 U.S. 634, 62 S.Ct. 67, 86 L.Ed. 509. From the statute and from these decisions, we see no escape from the conclusion that these contracts retained a life interest in the grantor and provided that upon her death the remainder should pass to a designated grantee and must, therefore, be included in the gross estate.
 
 
 6
 It is true that there seems to be some overlapping of the two classes of transfers mentioned in the statute, (B), including all transfers in which a definite interest is retained in the grantor, which expires upon her death, and (C) including transfers made in contemplation of death. This apparent overlapping is understandable when the history of Federal estate tax decisions is considered. When the Supreme Court held that certain transfers were not includable, Congress amended the statute, and, later, because of what it deemed an exigency, passed the Technical Changes Act. The statute to which we have referred is the presently controlling one. It seems to us immaterial that certain transfers may be found within the classification of both (B) and (C); the important feature of this case is that the facts bring it exactly and flatly within (B) rather than (C). So, as the Fifth Circuit decided in Commissioner v. Wilder's Estate, 118 F.2d 281, certiorari denied 314 U.S. 634, 62 S.Ct. 67, it is immaterial whether the purchaser of a survivorship annuity contract effects also a transfer under (C) insofar as the application of Section 811(c)(1) is concerned. The fact that the annuities were includable under paragraph (B) is sufficient to justify the Commissioner's and the trial court's decision.
 
 
 7
 Apparently, the taxpayer contends that the transfers should be considered as taking effect, in possession and enjoyment after death and not includable in the gross estate unless the grantor, the decedent, reserved an interest in the remainder of the transferred property, the value of which exceeded 5% of the property immediately before decedent's death. We think that it does not follow that these transfers should be so classified for the reason that they were transfers of property in which the decedent retained a life interest and nothing after that.
 
 
 8
 Plaintiff relies upon Pruyn's Estate v. Commissioner, 2 Cir., 184 F.2d 971. We think the citation is inapposite. In that case decedent purchased similar annuity contracts prior to 1931 and the transfer could not be included in the decedent's gross estate because Section 7 of the Technical Changes Act of 1949 specifically made Section 811(c)(1)(B) of the code inapplicable to transfers prior to 1931, whereas, in the present case, the transfers were made in 1948 and 1949. Plaintiff seems to find comfort also in Higgs' Estate v. Commissioner, 3 Cir., 184 F.2d 427. However, in that case, the transferor, the decedent, had not purchased the annuity, but it had been bought by his employer who paid the premium. The only transfer the decedent made was that, by exercising an option to take a lesser annuity, he thereby provided an additional annuity for the remainderman. The court held that his acts did not amount to a transfer under (B), but rather were controlled by (C). If the decision is properly interpreted as applying to the instant case, we cannot agree with it.
 
 The judgment is
 
 9
 Affirmed.