**Eugene P. RUEHLMANN, Executor of the Estate of Frances Foster Wells, Deceased, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 19259.

United States Court of Appeals
Sixth Circuit.
Nov. 26, 1969.

Michael D. Rose, Cincinnati, Ohio, Mark H. Berliant, of Strauss, Troy & Ruehlmann, Cincinnati, Ohio, on brief, for appellant.

Loring W. Post, Department of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Attys., Department of Justice, Washington, D. C., on brief, for appellee.

Before WEICK and COMBS, Circuit Judges, and TAYLOR, District Judge.*

COMBS, Circuit Judge.

At issue is the proper valuation for estate tax purposes of shares in an open-end or mutual fund investment company. The Tax Court upheld the validity of Treasury Regulation § 20.2031–8(b), which provides that the value shall be the fair market value of a share determined by the public offering price adjusted for any available reduction in price due to a block sale. 50 T.C. 871 (1968). Six judges dissented from the Tax Court's decision. The taxpayer in his petition for review contends that the regulation is unreasonable and improper.

Shares in open-end investment companies are sold to the public at a price fixed by law based on the net value of the property owned by the company. The issuing company is required by law to redeem its outstanding shares from the public at their current net asset value. Investment Company Act of 1940, 15 U.S.C. § 80a–22 (1964). The public offering price of open-end investment company or mutual fund shares includes a "sales load" which goes to the underwriter who acts as agent for the fund.

The Tax Court found that the resale market in mutual fund shares is negligible except for redemptions by the issuing company. For purposes of analysis it was assumed that all sales by the public of mutual fund shares are to the investment company itself. The price at which the fund will buy back its shares is based solely on the net asset value. The taxpayer here contends that, since the estate could obtain only the net asset value or bid price if it sold the shares to the company, that price limits the fair market value of the shares for estate tax purposes.

Pursuant to Internal Revenue Code § 2031(a) and the authority to issue "needful rules and regulations" in 26 U.S.C. § 7805(a), the Commissioner has issued a series of regulations which provide that the general criterion of value for estate tax purposes shall be fair market value determined by the price at which the property would change hands between a willing buyer and a will-

ing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. Treasury Regulation § 20.2031–1(b). For stocks and bonds sold over the counter or on a stock exchange their fair market value is prescribed by regulation to be the mean between the highest asked and lowest bid prices on the valuation date. Treasury Regulation § 20.2031–2. There being no similar market for shares in open-end investment companies, the Commissioner published in 1963 a regulation providing that the fair market value of shares in an open-end investment company is the public offering price of the shares. Treasury Regulation § 20.2031–8(b). The question is whether that regulation is reasonable and consistent with § 2031 of the Internal Revenue Code. The criterion to be applied in determining value is a matter of law. Powers v. Commissioner of Internal Revenue, 312 U.S. 259, 61 S.Ct. 509, 85 L.Ed. 817 (1941). If a treasury regulation is reasonable and consistent with the statute, it should be sustained. Commissioner of Internal Revenue v. South Texas Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948).

The only sale which can be pointed to in the instant case which represents a transaction between a willing buyer and a willing seller is the original issue of the mutual fund shares to a purchaser at the public offering price. Retail sales price or the price to the ultimate consumer is a familiar determinant of fair market value in the estate tax context. See Goldman v. Commissioner of Internal Revenue, 388 F.2d 476 (6th Cir. 1967); Treasury Regulation § 20.2031–1 (b).

 Petitioner contends that the redemption price should be the determinant of value because that price represents the amount which the decedent or the estate would have received had the shares been sold on the valuation date. However, this is not necessarily the only criterion of value for estate tax purposes. Value may be determined by an objective standard if it is not unreasonable. The hypothetical "willing buyer" and "willing seller" are presumed to act objectively based upon their knowledge of the relevant facts. United States v. Simmons, 346 F.2d 213, 217 (5th Cir. 1965).

Logical argument can be made for either the bid price or the asked price as the criterion of value for mutual fund shares. Prior to 1963, some estate taxpayers valued mutual fund shares at the bid price, and others chose to treat them like stock sold through an exchange and reported an average between the bid price and the asked price.[1] The Commissioner has chosen a third criterion and, if it is a reasonable one, we are not at liberty to second guess him. In United States v. Correll, 389 U.S. 299, 306, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967), the Court has furnished these guidelines for a court reviewing a treasury regulation:

"Alternatives to the Commissioner's * * * rule are of course available. Improvements might be imagined. But we do not sit as a committee of revision to perfect the administration of the tax laws. Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. § 7805(a). In this area of limitless factual variations, 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.' Commissioner [of Internal Revenue] v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 18 L.Ed.2d 53. The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner."

1. Legislation which would clarify this point has been introduced in Congress. H.R. 662, 90th Cong., 1st Sess. (1967).

Mearkle's Estate v. Commissioner of Internal Revenue, 129 F.2d 386, 388 (3rd Cir. 1942), is to the same effect.

We hold that the regulation in question is a reasonable one and is consistent with the statute. Our conclusion is supported by a recent decision of the Seventh Circuit involving the determination of the value of mutual fund shares for gift tax purposes. Howell v. United States, 414 F.2d 45 (7 Cir. 1969). The rule applicable to a gift tax also applies to estate taxes.

The judgment of the Tax Court is affirmed.